CITY OF OAK CLIFF ET AL. V. STATE OF TEXAS EX REL. GILL ET AL.

Motion No. 1191.  Decided March 31, 1904.

**1.—Disqualification of Judge—Interest.**

The interest which will disqualify a judge must be direct and immediate, not remote and contingent. (P. 392.)

**2.—Same—Taxpayer in City.**

A justice of the Supreme Court was not disqualified from sitting in a case involving the constitutionality and validity of an amendment to a city charter extending its corporate limits, by reason of the facts that he was a taxpayer in such city and the amendment authorized the issue of bonds by it and levy of a tax to pay them. (Pp. 392-394.)

**3.—Same—Cases Distinguished.**

City of Austin v. Nalle, 85 Texas, 520; Meyer v. City of San Diego, 121 Cal., 102; North Bloomfield v. Keyser, 58 Cal., 315; Wetzel v. State, 3 Texas Civ. App., 17, distinguished from this case as involving judgments directly affecting, by taxation or otherwise, the property of the judge held to be disqualified, and City of Dallas v. Peacock, 89 Texas, 63, and Thornburg v. City of Tyler, 16 Texas Civ. App., 439, followed. (Pp. 392, 393.)

Motion to vacate the judgment rendered in this case March 7, 1904, ante, p. 383, on the ground of disqualification of the Chief Justice as being a taxpayer in the city of Dallas.

*R. M. Clark, Geo. A. Titterington, W. A. Bonner, William Charlton, M. L. Morris,* and *Ethridge & Baker,* for motion.

BROWN, ASSOCIATE JUSTICE.—Plaintiff in error moves this court to vacate the judgment entered in this cause for the reason that Chief Justice Gaines is disqualified to sit as a judge in the trial because he is a property owner and taxpayer of the city of Dallas. The act which annexed Oak Cliff to the city of Dallas contains these provisions: Section 4. "The city of Dallas shall, within sixty days after this act takes effect, levy a tax sufficient to provide a sinking fund and interest for fifty thousand dollars in bonds." Section 9. "That the city council of the city of Dallas shall be authorized and is hereby fully empowered to issue the bonds herein specified, independent of and irrespective of any other authority heretofore granted to said city and contained in said charter of the said city of Dallas without the necessity of an election being held therefor." Section 11 of article 5 of the Constitution contains this provision: "No judge shall sit in any case wherein he may be interested." The validity of the entire act and especially of the provisions quoted are attacked by the plaintiff in error, and it is claimed that the judgment of this court will affect the pecuniary interest of Chief Justice Gaines, because the issue of the bonds will require the levy of a tax upon his property.

In his treatise on Courts, Mr. Work expresses the result of the authorities upon the question thus: "The interest which will disqualify a judge must be direct and immediate and not contingent and remote." P. 396.

The law in question makes it the duty of the city council of Dallas to issue bonds upon the whole property of the city as it will be when Oak Cliff is annexed, to the amount of fifty thousand dollars, and to levy upon all the property of the city of Dallas a tax sufficient to pay the interest and sinking fund.

The case of City of Austin v. Nalle, 85 Texas, 520, relied upon by the counsel for plaintiff in error to sustain their contention, is the strongest support the motion has in the authorities cited, or that we have been able to discover. In that case the plaintiff sought to enjoin the collection of a tax already levied and to annul the bonds already

issued. The effect of that judgment was to relieve the property of Judge Key from the tax or to continue the burden upon it without any action being had on the part of the city authorities.

Meyer v. City of San Diego, 121 Cal., 102, was similar in its character; the judgment itself would have relieved the property of the judge from the burden of a contract already made. It is much like the case of Austin v. Nalle.

North Bloomfield v. Keyser, 58 Cal., 315, presents this state of case: The plaintiff owned land just above land that belonged to the judge and the injury consisted in throwing into the river above both tracts of land tailings from mines which produced a like injury to each. The judge issued an injunction against the throwing of the refuse into the river, thereby protecting his own land.

Wetzel v. State, 3 Texas Civ. App., 17, presented the same character of question. A judge of the district court who owned property subject to taxation in the city of Amarillo entered judgment dissolving the corporation of the city and enjoining all officers from the collection of any tax whatever, which protected his own property with the others. In a very concise and clear opinion Judge Head of the Court of Civil Appeals held that the judge was disqualified. It is apparent from these authorities that in each case the interest of the presiding judge was directly and immediately affected by the judgment that he entered; it acted immediately upon the subject without the interposition of other authority, and each came strictly within the rule laid down by Mr. Work.

In the case of the City of Dallas v. Peacock, 89 Texas, 63, a suit was prosecuted against the city for the recovery of damages, and it was objected that two of the judges of the Court of Civil Appeals, who were taxpayers in the city, were disqualified to sit in the trial of the case. But it was held by this court that the interest was too remote, although it might result in the increase of taxes levied by the city in order to satisfy the judgment. In that case this court placed the following limitation on the case of Austin v. Nalle: "'This makes it plain that we merely intended in that case to hold that in a suit to cancel a bonded indebtedness for which a special tax had been provided and levied, and to enjoin the special tax to pay them as well as the issue of new bonds under the same provision, a holder of taxable property in the city was not competent to sit as a judge. The facts warranted our going no further than this, nor was it our purpose to do so."

Thornburgh v. City of Tyler, 16 Texas Civ. App., 439, was a suit to recover upon bonds issued by that city. The judge of the district court was a taxpayer in the defendant city and it was objected that he was disqualified to preside as judge, by reason of his interest, his property being subject to taxation, to settle the judgment. It was

held, however, by the Court of Civil Appeals of the First District, speaking through Judge Garrett, that his interest was too uncertain to disqualify him to preside in the trial.

From these authorities, and others that we have examined, we think the rule may be stated negatively in this form: "That where a judicial officer has not so direct an interest in the cause or matter as that the result must necessarily affect him to his personal or pecuniary loss or gain, * * * then he may sit." In re Ryers et al., 72 N. Y., 15. We are of opinion that Chief Justice Gaines has not such direct and immediate interest in the result of this suit as would disqualify him under these authorities. The judgment in our opinion will not directly produce the issuing of the bonds nor the levy of any tax, and therefore it can not be said that he is directly or immediately interested. The judgment of this court does not command the city council of Dallas to issue the bonds nor to levy the tax and can exert no influence over that body in the performance of its duty; the city will derive no authority from that judgment. If the city of Dallas should refuse to issue the bonds required by the act and a suit by mandamus were instituted to compel the council to perform that act it would present a very different question as to Judge Gaines' qualification to sit, because in such case the judicial authority of the court would be applied directly to the subject and to the council.

Chief Justice Gaines did not participate in the decision of this question.