## R. M. HUBBARD ET AL. v. HAMILTON COUNTY.

### No. 4138. Decided April 30, 1924.

### (261 S. W., 990.).

1.—Judges—Disqualification—Interest in Cause—Constitution—Interest in Question—Statute.

In an action by Hamilton County to enjoin the tax collector from paying over to the members of the State Highway Department and the latter from paying over to the State Treasurer as part the State Highway Fund license taxes collected from persons owning and operating motor vehicles, collected under the Act of March 14, 1923, Laws 38th Leg., ch. 75, p. 155, on the ground that such Act was unconstitutional and invalid, the judges of the Court of Appeals for the Tenth District, being owners of motor vehicles, and liable as such in the county of their residence to a similar tax in case the tax should be held valid, it is *held*: (1) That such judges were not interested in the cause, within the meaning of that term as used in Art. 5, sec. 11, of the Constitution. (2). Nor were they interested in the question to be determined in that cause within the meaning of art. 1584, Rev. Stats. (3) They were not disqualified to sit in such case, and a motion for them to reconsider their ruling holding themselves disqualified should be granted (Pp. 552-555).

2.—Statutory Construction.

Where language in a statute or a constitution has received construction by the courts, an amendment or re-enactment preserving the same words is presumed to carry with it the construction so given them. (P. 551).

3.—Judge—Disqualification—Interest.

The language of the statute (art. 1584) "interested in the question to be determined," has the same meaning as that of the Constitution, "case in which he may be interested." It must be a direct, real and certain interest in the subject matter of the litigation, not merely indirect or incidental, or remote or contingent or possible. (Pp. 551, 552).

4.—Same.

The interest which a judge has in common with many others in a public matter, such as a resident or taxpayer in taxation, is ordinarily not sufficient to disqualify him. City of Austin v. Nalle, 85 Texas, 534, limited. City of Oak Cliff v. State, 97 Texas, 391; City of Dallas v. Peacock, 89 Texas, 58; City of Dallas v. Armour & Co., 216 S. W., 222; Thornburg v. Tyler, 43 S. W., 1054, followed. (Pp. 552-555.)

Questions certified from the Court of Civil Appeals for the Tenth District, in an appeal from Hamilton. County.

*A. R. Eidson* and *A. E. Nabors*, for appellee.

The interest which will disqualify a Judge must be direct and immediate, not remote and contingent. City of Oak Cliff v. State, 97 Texas, 391; Dallas v. Peacock, 89 Texas, 63; McFaddin v. Preston, 54 Texas, 403.

An interest which a Judge has in common with many others in a public matter, is not sufficient to disqualify him. Corpus Juris Vol. 33, page 995, Sec. 140; Williamson v. Cayo, 211 S. W., 795; Osborne v. Board, etc., 128 S. W., 358; City of Dallas v. Armour & Co., 216 S. W., 222; Orndorff v. McKee, 188 S. W., 432.

The brief of *W. A. Keeling,* Attorney-General, and *W. W. Carrs,* Assistant in the companion case of Robbins, Tax Collector, v. Limestone County, next preceding, was also filed on behalf of appellees herein and cited and discussed: Ch. 75, Gen. Laws, Reg. Ses. 38th Leg. Secs. 15 and 16a; Campbell v. Wiggins, 20 S. W., 730; City of Austin v. Nalle, 85 Texas, 520; City of Dallas v. Peacock, 89 Texas, 58; City of Oak Cliff v. State, 97 Texas, 383, 391; City of San Antonio v. Toepperwein, 104 Texas, 43; City of San Antonio v. Berry, 92 Texas, 219; Constitution: Art. 5, Sec. 11, Art. 8, Sec. 10, Art. 3, Sec. 22; Corpus Juris, 33, pp. 991-996, Secs. 134, 135, 137, 140; Davis v. State, 44 Texas, 523; Grigsby v. May, 84 Texas, 240; Herf and Dittmar v. James, 86 Texas, 230; Higgins v. Bordages, 88 Texas, 458; Hodde v. Susan, 58 Texas, 389; Hoefling v. Hoefling, 106 Texas, 350; Hoffman v. Wood, 258 S. W., 835; King and Davidson v. Sapp, 66 Texas, 519; Lufkin v. Galveston, 58 Texas, 545; McFadden v. Preston, 54 Texas, 403; Richey v. Moore, 249 S. W., 172; Ring v. Williams, 35 S. W., 733; Rosenburg v. Weekes, 67 Texas, 578; Solon v. State, 54 Cr. App., 261; Rev. Stat., Articles 1516, 1584, 1675, 1735, 1655, 7340-7352, 7354; Taylor v. Williams, 26 Texas, 583; Wright v. Straub, 64 Texas, 64.

Also the brief of *Jerome P. Kirby,* similarly interested in another case, was, by permission filed in support of the qualification of the judges, and cited and discussed: Section 48, Art. 3; State Constitution; Section 51, Art. 3, State Constitution; Section 9, Art. 8, State Constitution; Storrie v. Street R'y. Co., 92 Texas, 129, 46 S. W., 796; Storrie v. Woessner, 47 S. W., 837, Aff. 51 S. W., 1132; Dallas County v. Plowman, 99 Texas, 512, 91 S. W., 221; Bexar County v. Linden, 220 S. W., 761; Clegg v. State, 42 Texas, 608; City of Austin v. Nalle, 120 S. W., 996.

Mr. Chief Justice CURETON delivered the opinion of the court.

This case is here on certified questions from the Court of Civil Appeals for the Tenth District. The certificate is substantially as follows:

"This is a suit by Hamilton County against L. W. Kirchman, as Tax Collector of said county, and R. M. Hubbard, D. K. Martin and Geo. D. Armistead, as members of and as constituting the Highway Department of the State of Texas.

"Plaintiff alleges that said L. W. Kirchman as such tax collector has collected and has in his hands the sum of $5,000.00 collected by ̄ ̄ ̄ license fees under and by virtue of Chapter 75,

General Laws Regular Session 38th Legislature, from those operating motor vehicles upon the public roads and highways of said county, and that as such tax collector he will for the year 1924 collect from other persons under said statute the further sum of $10,000.00 as such motor vehicle license fees; that unless restrained from so doing said L. W. Kirchman as such tax collector will forthwith remit said money and funds so collected and to be collected by him, except so much thereof as is the proceeds of seventeen and one-half cents per horse power of such motor vehicle, to defendants R. M. Hubbard, D. K. Martin and Geo. D. Armistead as constituting the Highway Department of the State of Texas, as provided by said statute, and that by virtue of said statute said R. M. Hubbard, D. K. Martin and Geo. D. Armistead, as constituting said Highway Department, will in turn remit said money and funds to the treasury of the State of Texas to the credit of a fund created and designated by said statute as "State Highway Fund," and will expend same in repairing, improving and maintaining the public roads and highways designated by said Highway Department as "State Highways" situated elsewhere in the State of Texas as well as in said Hamilton County.

"Hamilton County is the sole plaintiff in this cause, and the only relief sought is to prevent its tax collector from paying over said moneys so collected by him under and by virtue of the provisions of said Chapter 75 to the State Highway Commission. Plaintiff, however, bases its claim for the relief sought upon the alleged invalidity of said Chapter 75, asserting that said chapter is in conflict with the provisions of the Constitution of this state and therefore void and of no effect.

"This case was regularly set for submission and submitted in this court, and the court certified the question of the validity of said Chapter 75 and the several provisions thereof to the Supreme Court for determination.

"The members of this court have of course no personal or pecuniary interest in the fund involved in this suit nor in the relief sought herein, and their attention was not directed at the time said case was submitted and the question of the validity of said chapter certified to the Supreme Court, to the question of their qualification or disqualification to act in the premises. Since the relief sought by plaintiff in this case is predicated upon the contention that said chapter is invalid because in conflict with the Constitution of this state, in deciding the contention so urged the validity of said act must necessarily be determined. Such validity is at least one of the questions to be determined in this appeal.

"Each of the members of this court is the owner of a motor vehicle and operates the same upon the highways of this state, and on account of such ownership and operation, is by the terms of said Chapter 75 required to register the same and to pay to the Tax Col-

lector of McLennan County, Texas, annual registration or license fees, and each of them has paid such fees for the year 1924 and is by the terms of said chapter made liable to the payment said fees annually so long as he may own such a vehicle and operate the same upon the highways of this state.. The attention of the members of this court was directed to the question of their qualification in this case by the issues arising in another appeal pending before us, and after reflection, each member of this court decided that in contemplation of law he had a direct and personal interest in the question of the validity of said Chapter 75, the terms of which impose a specific burden upon him in common with all other parties owning and operating motor vehicles upon the highways of this state; and each member of the court severally declared himself disqualified under the laws of this state to hear and determine said cause and caused said declaration of disqualification to be entered of record in the minutes of this court, and entered a further order requesting the Supreme Court to permit the withdrawal of the certificate heretofore filed in that court, and to instruct its clerk to return said certificate to the clerk of this court.

"Subsequently, appellants in this cause, who were defendants in the court below, filed a motion herein asking this court to reconsider the question of the disqualification of its members and set aside the order of disqualification heretofore entered and to proceed to hear this cause, and to set aside its order requesting the Supreme Court to permit it to withdraw its certificate heretofore filed in that court. Said motion has been submitted and is pending before us for action.

"We respectfully submit to the Honorable Supreme Court of this state for determination upon the facts hereinbefore set out, the following questions:

"FIRST: Are the justices of this court interested in this cause within the meaning of that term as used in Section 11 of Article 5 of the Constitution of the State of Texas?

"SECOND: Are the justices of this court interested in the question to be determined in this cause within the meaning of Article 1584 of the Revised Statutes of this state?

"THIRD: Should said motion of appellants herein be granted?"

The Constitution of 1845 provided that "no judge shall sit in any case wherein he may be interested." Gammel's Laws of Texas, Vol. 2, page 1287.

The Act of May 12, 1846, relating to the Supreme Court, on the subject of the disqualification of judges, in part reads: "No judge of the Supreme court shall sit in any case wherein he may be interested in the question to be determined."

The Constitution of 1876, with respect to the disqualification of judges, uses the identical language quoted above from the Constitution

of 1845; and the statute quoted from the Act of 1846, as to the Supreme Court, has remained the same. Vernon's Sayles' Texas Civil Statutes, Article 1516; Harris' Annotated Constitution of Texas, page 413.

In 1881 this Court, in the case of McFaddin v. Preston, 54 Texas, 403-406, held that the statutory and constitutional language above set out meant the same thing, and that the interest merely of the judge in the general question involved would not disqualify him, saying:

"The constitution prohibits a judge from sitting in a case in which he may be interested. Const. 1876, art. V, sec. 11.

"The statute is to the same effect. R. S., art. 1090.

"The interest of the learned judge presiding, however, was simply in the question involved, and not in the result of the suit. This was not such disqualifying interest as would prevent him from trying the cause, or would authorize the appointment of a special judge."

In 1891, after the decision in this case, that section of the Constitution there cited was amended, and the identical language used in the Constitutions of 1845 and 1876 was readopted, and forms a part of Section 11, Article 5, of the Constitution. Harris' Annotated Constitution, page 413.

It is quite elementary that the readoption of a constitutional provision which has been interpreted or construed by the Supreme Court carries with it the interpretation given by that court. Taylor v. Boyd, 63 Texas, 533; Michie's Digest, Vol. 4, p. 400.

After the decision in the McFaddin Case, the codifications of 1895 and 1911 were adopted without change in the statutory language here involved. The interpretation previously given the statute was, therefore, adopted with the Codes. Gulf C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Texas, 98; Michie's Digest, Vol. 15, pp. 978, 979. It is the settled law, therefore, that the Constitution and statute, though differing slightly in language, mean the same thing.

In 1892, after the adoption of the amendment to the Constitution above referred to, the Legislature passed an Act, defining, among other things, the disqualification of judges of Courts of Civil Appeals. In this Act it was provided that "no judge of the court of civil appeals shall sit in any case wherein he may be interested in the question to be determined." Vernon's Sayles' Texas Civil Statutes, Article 1584. The language used with reference to the Court of Civil Appeals is the same as that previously used with reference to the Supreme Court, and which, as has been said, has the same meaning as the constitutional provision to the effect that a judge may not sit in a case wherein "he may be interested."

The elementary rule is that the interest sufficient to disqualify a judge from sitting in a case "must be a direct, real, and certain interest in the subject-matter of the litigation, not merely indirect or incidental, or remote or contingent or possible. 33 Corpus Juris, p. 994,

§ 137; City of Oak Cliff v. The State, 97 Texas, 391; City of Dallas v. Armour & Co., 216 S. W., 222, (Civil Appeals case with writ of error refused); City of Dallas v. Peacock, 89 Texas, 58.

In the instant case the certificate shows that the justices of the Court of Civil Appeals do not reside in the county where the action originated; that while they own automobiles, they have each paid such fees for the year 1924 as are required by the Act of the Legislature before them for examination. They owe nothing under the Act of the Legislature upon which they must pass for the present year, and will not owe anything under that Act until next year, if at all. Whether or not they will own automobiles next year, and therefore be subject to the fees provided for, makes their liability for any such fees entirely too remote and uncertain to form the basis of their disqualification. At most, their liability for any fee exacted by the legislative Act before them is contingent upon their continued ownership of automobiles. If we should say that they are disqualified because next year they may own automobiles, and may choose to operate them upon the public highways, then, by the same token, we would be compelled to say that every other person otherwise qualified would be disqualified for the same reason. Automobiles are in such common and general use, and the right to own and operate them being one common to all the people, any one who might be selected as a special judge might own an automobile next year, and therefore be contingently liable for the statutory fees, in the same manner and to the same extent as the justices of the Court of Civil Appeals. To say that because one may own an automobile next year, and therefore be liable for some character of tax or fee under the laws of the State, would disqualify him from sitting as a judge in a case to be tried this year, and before any liability for a tax had accrued or become due for next year's operation of a car, would be to give regard to a technicality utterly without substance.

The Court of Civil Appeals in its certificate correctly states: "The members of this court have, of course, no personal or pecuniary interest in the fund involved in this suit, nor in the relief sought therein."

Again the rule is elementary that an interest which a judge has in common with many others in a public matter, is not sufficient to disqualify him. A leading text states:

"Where the interest of a judge as a resident or taxpayer is not direct or immediate but remote or contingent, his mere interest as a resident or taxpayer ordinarily is not sufficient per se to disqualify him. Thus a judge is not disqualified to hear and determine a cause in which a municipality or county is interested merely because he is a resident or taxpayer or both of such municipality or county." 33 Corpus Juris, p. 995, § 140; City of Oak Cliff v. State, City of Dallas

v. Peacock, and City of Dallas v. Armour & Co., supra; Thornburgh
v. Tyler, 43 S. W., 1054.

The case of City of Austin v. Nalle, 85 Texas, 534, was considered
and its limits fixed in the subsequent case of City of Dallas v. Pea-
cock, 89 Texas, 58. It does not militate against the conclusions
reached in the instant case. In that case, City of Dallas v. Peacock,
this Court held that the fact that the judges of the Court of Civil
Appeals were taxpayers in a city, did not disqualify them from sitting
as judges in the appeal of a damage suit against the city. In dis-
cussing the matter, this Court, through Chief Justice Gaines, among
other things, said:

"But we think the doctrine that being a mere taxpayer of a city
does not work a disqualification is supported by the sounder reason,
at least, as applied to municipalities existing under our laws.

"The grounds of disqualification of the judges in this State are
prescribed in the Constitution. 'No judge shall sit in any case in
which he may be interested,' is the language of the provision which
we are called upon to construe. (Constitution, article V, sec. 11).
The same provision in the same language is found in the Constitution
of 1845, and in every constitution since adopted in this State. The
interest meant is a pecuniary interest, that is, such an interest as is
capable of being valued by a pecuniary standard. The slightest
interest is sufficient, provided it be immediate and not remote and
contingent. (Taylor v. Williams, 26 Texas, 583). This results from
the fact that there can exist no rule by which it can be determined
where the line should be drawn. An amount which is too small to
influence one man might be sufficient to affect another of a more
parsimonious disposition. A taxpayer in a city, who is not an in-
habitant of the city, has no legal relation to the municipality, except
in so far as he is liable to the imposts laid upon his property for the
support of the municipal government. Has he an interest in a suit
for or against a city which does not involve a tax? We think not."

\*    \*    \*    \*    \*    \*

"We have seen that the provision in question has been incorporated
in our constitutions since 1845, and that in each successive instrument
it has been repeated in the same language. The records of this court
show that eminent judges of this court have sat in cases against cities
in which we have every reason to believe they were taxpayers, and
in two instances, at least, have delivered the opinions in the cases.
So we think, also, that district judges who were inhabitants of cities
have uniformly tried cases against the cities in which they lived.
While, therefore, there has been no formal ruling upon the question,
the provision in controversy has been practically construed both by
the trial judges and the judges of the Supreme Court. Until the de-
cision of the City of Austin v. Nalle, 85 Texas, 520, the competency of
a judge who owned taxable property in a city to sit in a case in which

a judgment for money could be rendered for or against a city, was, so far as we know, never called in question. The practical construction of the provision must have been known to the bar of the State, and to the members of the Legislature who passed the resolution propounding the amendments to the judiciary article of our Constitution, which were voted upon and adopted in 1891. While section 11, which contains the provision disqualifying a judge from sitting in a case in which he is interested, was amended, that provision was retained without change; and we think it strongly persuasive, at least, that it should be interpreted as it had been practically construed.

"In respect to the question before us, the relation of a taxpayer of a city to the city is not different from that of a taxpayer of a county to a county. Neither is it distinguishable in principle from that of one who owns taxable values in the State to the State. Yet that taxpayers in the State are qualified to sit as judges and jurors in all State cases can not be questioned. So, also, so far as we know, it has never been questioned in this State that the taxpayers in a county are competent jurors in all cases, civil and criminal, in which the fines and penalties recovered go to the use of the county. The necessity from which this results does not change the principle. The principle is that the interest—if such it may be called—is so indirect, remote, and contingent that to hold a judge or juror not disqualified by reason thereof does not conflict with that fundamental doctrine laid down in London v. Wood, Taylor v. Williams, supra, that a man can not be made a judge in his own case."

In this case, however, the court directed attention to the fact that the case of City of Austin v. Nalle, 85 Texas, 534, was a suit to cancel a bonded indebtedness for which a special tax had been provided, and to enjoin the special tax to pay the bonds, as well as the issuing of new bonds, and limited the effect of the Nalle Case to the peculiar facts of the case, and adhered to the general principle shown in our excerpt from that opinion.

In the case of the City of Oak Cliff v. State of Texas, 97 Texas, 391, this Court held that a justice of the Supreme Court was not disqualified from sitting in a case involving the constitutionality and validity of an amendment to a city charter, extending its corporate limits, by reason of the fact that he was a taxpayer in said city, and the amendment authorized the issue of bonds by it, and the levy of a tax to pay them. In that case the plaintiff in error moved the Supreme Court to vacate the judgment entered in the cause, for the reason that Chief Justice Gaines was disqualified as a judge in the trial, because he was a property owner and taxpayer of the City of Dallas. The act which annexed the City of Oak Cliff to the City of Dallas contained provisions that the City of Dallas should within sixty days levy a tax sufficient to provide a sinking-fund and interest for $50,000 in bonds, and that the City should thereby be fully empowered to issue the

bonds specified, independent of and irrespective of any other authority theretofore granted said City and contained in the charter of the City of Dallas, without the necessity of an election being held therefor. It was contended that Chief Justice Gaines was disqualified to sit in the case, because he was a property owner in the City of Dallas. In the opinion cited, this Court held that he was not disqualified, in part saying:

"Thornburgh v. City of Tyler, 16 Texas Civ. App., 439, was a suit to recover upon bonds issued by that city. The judge of the district court was a taxpayer in the defendant city and it was objected that he was disqualified to preside as judge, by reason of his interest, his property being subject to taxation, to settle the judgment. It was held, however, by the Court of Civil Appeals of the First District, speaking through Judge Garrett, that his interest was too uncertain to disqualify him to preside in the trial.

"From these authorities, and other that we have examined, we think the rule may be stated negatively in this form: 'That where a judicial officer has not so direct an interest in the cause or matter as that the result must necessarily affect him to his personal or pecuniary loss or gain, . . . then he may sit." In re Ryers et al., 72 N. Y., 15. We are of opinion that Chief Justice Gaines has not such direct and immediate interest in the result of this suit as would disqualify him under these authorities." 97 Texas, 393, 394

From what we have said it follows that we are of the opinion that the justices of the Court of civil Appeals for the Tenth District are not *interested* in the cause pending before them, within the meaning of that term as used in Section 11, of Article 5, of the Constitution of the State of Texas, and that they are not *interested in the question* to be determined in that cause within the meaning of Article 1584 of the Revised Statutes of the State. In other words, we hold they are not disqualified to sit in the case out of which this certificate arose.

The first and second questions are answered in the negative, and the third in the affirmative.