**BRAMLETT v. CITY OF DALLAS et al.**
(No. 10433—9563.)

Court of Civil Appeals of Texas. Dallas.
Oct. 20, 1928.

First Rehearing Denied Nov. 3, 1928. Second Rehearing Denied Dec. 18, 1928.

W. S. Bramlett, of Dallas, in pro. per.

J. J. Collins, City Atty., and H. P. Kucera, A. A. Long, and W. Hughes Knight, Asst. City Attys., and W. T. Henry, all of Dallas, for appellees.

LOONEY, J. W. S. Bramlett, as a taxpayer of the city of Dallas, brought this suit for himself and also on behalf of other taxpayers, against the city of Dallas, its board of commissioners, and Hon. Claude Pollard, Attorney General of Texas, for injunctive relief on the grounds and to the ends hereinafter stated. The trial court, on sustaining a general demurrer to his petition dismissed the suit, from which this appeal is prosecuted. Pending the appeal, the parties filed an agreed motion, praying that the cause be advanced and the judgment of the trial court affirmed, and accordingly we entered judgment of affirmance. Afterwards, and in due time, appellant filed the motion now under consideration, in which he seeks a rehearing on the following grounds, to wit:

(1) That, when the agreement for judgment was made, the parties entered into a concomitant agreement in regard to the form of judgment to be entered, which was prepared and delivered over to counsel acting for defendants, to the end that the judgment entered by this court would be in the form agreed upon, but, disregarding the agreement, another, a more far-reaching and onerous judgment on plaintiff, was caused to be entered, which fact plaintiff did not ascertain until about August 17, 1928;

(2) That the judgment of affirmance was premature and without authority of law, for the reason that, at the time it was rendered, the record on appeal from the court below had not been filed in this court, and,

(3) The judgment was unauthorized because two members of this court, to wit, B. L. Jones, Chief Justice, and B. F. Looney, Associate Justice, were disqualified to sit in the case because of interest in the subject-matter.

We will dispose of the question of disqualification first. The facts are correctly stated in the motion; that is, the two members of the court mentioned were on the dates involved herein and now are owners of property in and taxpayers to the city of Dallas; their interest and status as such is identical

with that of all property owners within and taxpayers to said city.

Section 11, art. 5, of the Constitution, provides, among other things, that "no judge shall sit in any case wherein he may be interested." The statute on the subject, article 15, R. C. S. 1925, reads, "No judge or justice of the peace shall sit in any case wherein he may be interested." This statute superseded all prior statutes in regard to the disqualification of judges of the Supreme Court, Courts of Civil Appeals, district and county judges, and justices of the peace. For former statutes, see Vernon's Sayles' Civil Statutes 1914; Revised Statutes 1911, arts. 1516, 1584, 1675, 1736, and 2290.

Our Supreme Court, in the case of the City of Oak Cliff v. State, 97 Tex. 391, 392, 79 S. W. 1068, said that the interest which will disqualify a judge within the meaning of the Constitution and statutes "must be direct and immediate and not contingent and remote."

The nature of plaintiff's suit is a general attack on the validity of the charter amendments and propositions for bond issues, popularly known as the "Ulrickson Plan" for city improvements, adopted by the voters of Dallas on December 15, 1927.

Plaintiff alleged substantially that the election at which these propositions were adopted was illegally called and conducted; that the amount of bonds authorized exceeded the legal limit of indebtedness the city could incur; that certain of the bonds authorized were not for municipal purposes and therefore illegal; that the funds derived from the sale of said bonds will be used for illegal and unauthorized purposes, unless prevented; that a number of charter amendments adopted were in violation of the Constitution and general statutes of the state; and that defendants, in an illegal manner, are offering for sale a portion of the bonds voted.

Plaintiff's prayer is substantially that he be granted an injunction, temporary and permanent, restraining the city and her authorities from issuing or selling any or all of said bonds; from expending any of the funds derived from the sale of same, or any part thereof, for any one or more of the purposes for which they were issued; that the Attorney General be enjoined from approving and certifying to any of said bonds; that the charter amendments or propositions voted upon be held void; and that the city and her governing authorities be enjoined from exercising or attempting to exercise any, every, and all powers, or purported powers, thereunder.

After a careful consideration of the subject-matter of plaintiff's suit, and the relief he seeks, we have reached the conclusion that any decree this court may render will not necessarily affect these judges in a pecuniary sense. Their interest in the case is identical with that of other taxpayers to the city, is not direct, personal, or immediate, but contingent and remote, while it may be correctly said that they have an interest, incipient in nature, but not such as disqualifies a judge from sitting in the case.

Plaintiff has cited us to no authority in support of his position, and the only case we have found that could be appealed to, even in a remote sense, to sustain his contention, is the City of Austin v Nalle, 85 Tex. 520, 22 S. W. 668, 960. That case was a suit to cancel a bonded indebtedness and to enjoin the special tax levied, as well as the issue of new bonds. The court held that a judge who owned taxable property in the city was disqualified to sit in the case. The case at bar is easily distinguishable from the Nalle Case, in that the bonds involved here have neither been approved by the Attorney General nor registered by the comptroller. These are prerequisites to a valid sale of the bonds, without which they could never become tax burdens. See articles 709, 710, R. S. 1925. It follows that the interest of these judges in the subject-matter of litigation may or may not become direct and immediate, depending upon future events, but at this time, and under the circumstances presented, it is so contingent and remote as not to amount to an interest as that term is used in the Constitution.

This conclusion is based on the rule announced in the following cases, to wit, City of Dallas v. Peacock, 89 Tex. 63, 33 S. W. 220; City of Oak Cliff v. State, 97 Tex. 391, 79 S. W. 1068; Garess v. Tobin (Tex. Civ. App.) 261 S. W. 430; Hubbard v. Hamilton County, 113 Tex. 547, 261 S. W. 990.

We therefore hold that the judges in question are not interested in the case within the meaning of the Constitution and statutes, and overrule the challenge.

Plaintiff contends that the judgment of affirmance was premature and without authority of law, because the record on appeal from the court below had not been filed in this court. We had before us, when the judgment of affirmance was rendered, certified copies of plaintiff's petition, the judgment of court sustaining the demurrer and dismissing the cause, notice of appeal, and the appeal bond which was filed and approved on June 16, 1928.

Article 2267 (2099) (1402) (1402) R. S. 1925, provides that:

"When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

This court had jurisdiction, and it was immaterial that the regular transcript and record on appeal had not been filed, as we had before us certified copies from the record be-

low, sufficient for the purpose then in hand. We overrule this contention.

■ Plaintiff's other contention is that, when the agreement for affirmance of the judgment was made, an essential part thereof was, as to the form of judgment this court should enter; that this was drafted, intrusted by plaintiff to counsel acting for defendants, with the understanding and to the end that judgment would be entered in said form. This was not done, but another more onerous on plaintiff, more far-reaching in its scope and legal effect, was entered; that plaintiff did not learn until later that the judgment in form agreed upon had not been entered, for this reason he asks that the judgment of affirmance be set aside and held for naught. Plaintiff swore to these allegations.

On the other hand, defendants deny that a concomitant agreement in regard to the form of judgment was ever entered into or delivered to counsel acting for appellee, with the understanding, to the end and for the purpose of having the same entered as the judgment of this court; that, in fact, no agreement for judgment was made, except that provided for and contemplated in the agreement filed and acted upon by the court. These allegations are supported by the affidavit of Mr. Collins, city attorney. W. P. Dumas, who drafted the agreement for judgment and transmitted the same to plaintiff, and with whom plaintiff had the discussion with reference to the form of the judgment, denies under oath that any such agreement was made, and that no discussion with reference to the form of the judgment took place until after the agreement for judgment had been signed by both parties and was then an accomplished fact.

The language of the agreement itself forbids the idea that any judgment other than an absolute judgment of affirmance, unrestricted and without reservation, was contemplated. Plaintiff does not deny that he signed the agreement that was presented to and acted upon by the court, nor does he attack the same on any permissible ground; hence it stands unchallenged and unimpeached. Thus it is made to appear by a preponderance of the evidence that the agreement for affirmance was without reservation or restriction, that same was consummated before any mention was made by any one in regard to the form in which the judgment of this court should be entered, and, when that question arose, plaintiff insisted on interlining certain language in the form for judgment presented to him which, if it had been agreed to, would support his contention, but no form of judgment was agreed upon between the parties; therefore this feature formed no part of the agreement for affirmance.

We are of the opinion, therefore, that plaintiff failed to sustain, by a preponderance of the evidence, his contention on this issue. After a careful consideration of all grounds urged by plaintiff for a rehearing, we find them without merit, and the motion is therefore overruled.

Overruled.

### On First Motion for Rehearing.

The record filed under the above docket number presents for revision the judgment that was heretofore, on August 7, 1928, in cause No. 9563, affirmed by this court, and appellant's motion for rehearing filed therein was heretofore, on October 20, 1928, in all things overruled. In view of this situation, the case will be dismissed, also the motions filed herein by the parties. This order, however, is without prejudice to the right of parties to file such pleadings and take such action in cause No. 9563 as to them may be deemed meet and proper.

Dismissed.

### On Second Motion For Rehearing.

On October 20, 1928, in cause No. 9563, we overruled appellant's motion for rehearing. The opinion filed at the time contains a statement of the case, the grounds urged by appellant for rehearing, and the disposition we made of same.

Prior to this order, but subsequent to the entry of the agreed judgment of affirmance, appellant filed a record on appeal, being the same cause, docketed as No. 10433. On November 3, 1928, the latter case was dismissed because the judgment presented for review had been affirmed and appellant's motion for rehearing overruled.

■■ In the motion now under consideration, which is in effect a second motion for rehearing, we are asked to take cognizance of matters that formed no part of the original case pleaded by appellant. This we cannot do. Facts that constituted no part of the case pleaded by appellant, and matters transpiring since the action of the trial court, dismissing the cause on demurrer, cannot be injected into the case by the motion for rehearing. As we have heretofore passed upon and finally disposed of the identical matters presented by this motion, the same is dismissed. Appellant's request for additional findings of fact will also be dismissed. The case was not tried below on the facts, but went off on demurrer, and was affirmed by this court on agreement of parties.

Dismissed.