

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Hon. Murrell L. Buckner, Chairman
Game, Fish and Oyster Commission
Dallas, Texas

Dear Sir:

Opinion No. 0-6200
Re: Would a Game Warden have
to resign his position in
order to be a candidate
for a county office?

Your request for an opinion on the above question has
been received and carefully considered, said request being as
follows:

"Note the attached letter I received today from
Mr. R. J. Ennis, who seems to be the Democratic nominee
for Sheriff of Bee County. You will note he is asking
me about G. W. Robinson, who is a Game Warden, running
for office.

"What I would like to know, as Chairman of the
Game, Fish and Oyster Commission, whether anything
in the law prevents Mr. Robinson from running for
office, or will he have to give up his office as
Game Warden to continue in the race."

It is our opinion that said question should be answered
in the negative, for the following reasons:

Article 5, Section 23, of the Constitution of Texas
is as follows:

"There shall be elected by the qualified voters
of each county a sheriff, who shall hold his office
for the term of two years, whose duties, and perqui-
sites, and fees of office, shall be prescribed by
the Legislature and vacancies in whose office shall
be filled by the Commissioners' Court until the next
general election for county or State officers."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Murrell L. Buckner, page 2

Article 6865 of Vernon's Annotated Civil Statutes of Texas, is as follows:

"The qualified voters of each county at each general election shall elect one sheriff for a term of two years."

34 Texas Jurisprudence, Section 14, pages 341, 342, is, in part, as follows:

"Eligibility to office belongs equally to all persons not excluded by the Constitution or statutes, and not exclusively or specially to persons enjoying the right of suffrage; and disability to hold office is not to be imposed on any citizen except under authority given by law. The Legislature may not change or add to qualifications for an office, nor take away disqualifications that are prescribed by the Constitution....

". . . The following persons are disqualified from holding any office of trust or profit in the State: persons convicted of having given or offered a bribe to procure election or appointment to office; persons who have fought or sent or accepted a challenge to fight a duel with deadly weapons, or who have knowingly assisted in any manner those thus offending; and persons who at any time may have been collectors of taxes or been otherwise entrusted with public money until they shall have obtained a discharge for the amount of such collections or for all public moneys with which they may have been entrusted. The Constitution further provided that laws shall be made to exclude from office persons convicted of bribery, perjury, forgery or other high crimes. . . ."

Article 2927, Vernon's Annotated Civil Statutes, is as follows:

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve

Hon. Murrell L. Buckner, page 3

months and six months in the county, precinct or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election. Acts 1895, p. 81; G. L. Vol. 10, p. 811; Acts 1919, p. 17."

Article 1, Section 2, of the Constitution of Texas, is as follows:

"All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient."

Article 1, Section 3, of the Constitution of Texas, is as follows:

"All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

Hon. Murrell L. Buckner, page 4

Article 1, Section 19, of the Constitution of Texas, is as follows:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

9, Texas Jurisprudence, Section 116, page 552 is, in part, as follows:

"In declaring that no one is entitled to exclusive separate public emoluments or privileges, but in consideration of public services, the constitution of Texas announces the principle of equality in political rights, and a denial of all title to individual privileges, honors and distinctions from the community, except for public services. The Supreme Court has said that the provision is directed against superiority of personal and political rights, distinctions of rank, birth or station, and all claims of emoluments from the community, by any man or set of men, over any other citizens of the state. It declares that honors, emoluments and privileges of a personal and political character are alike free and open to all the citizens of the state..."

Article 978m of the Penal Code of Texas is, in part, as follows:

"Section 1. There is hereby created a Division of the Game, Fish and Oyster Commission to be known and designated as the 'Coastal Division of Game, Fish and Oyster Commission.'

"Sec. 2. The Game, Fish and Oyster Commission shall have power and authority, and it shall be their duty to appoint an executive officer for the said Coastal Division to be known and designated as 'Director of Coastal Division', who shall act as the chief executive officer of the Division under the direction of said Game, Fish and Oyster Commission.

"The Commission may perform its duties through said Director of Coastal Division and may delegate to him such executive duties as said Game, Fish and Oyster Commission deems proper. Provided that in the absence of the Coastal Director the Commission shall be empowered to designate an assistant to perform his duties. Said Director of Coastal Division shall also have power and authority to appoint Game and Fish Wardens and other employees as in his discretion may be deemed necessary to carry out and enforce the laws of this State, which it is the duty of the Game, Fish and Oyster Commission to carry out, execute and administer, and to perform all other duties and services authorized and required to be performed by said Game, Fish and Oyster Commission, and shall have the power and authority of other employees of the Game, Fish and Oyster Commission. Said Director of Coastal Division shall serve at the will of said Game, Fish and Oyster Commission. The other employees of the Coastal Division shall serve at the will of the Director of Coastal Division. . . ."

"Sec. 4. The Director of Coastal Division and Assistant Director of Coastal Division shall each enter into a good and sufficient bond in the sum of Two Thousand Dollars ($2,000) payable to the State of Texas, to be approved by the Game, Fish and Oyster Commission, conditioned upon the faithful performance of his duties under the law. The premium on such bonds shall be paid by the State out of funds available to the Game, Fish and Oyster Commission. The Director of Coastal Division and Assistant Director of Coastal Division shall take the Constitutional Oath of office, All other employees of the Coastal Division shall execute a bond in the sum of One Thousand ($1,000) to be approved by the Director of Coastal Division, payable to the State of Texas and conditioned on the faithful performance of the duties of his office. The Game, Fish and Oyster Commission may require any employee who handles funds belonging to the Department to give a bond up to as high as Ten Thousand Dollars ($10,000)..."

Hon. Murrell L. Buckner, page 6

The letter to you from R. D. Ennis of Beeville, Texas, enclosed with your request for an opinion on this question, contains the statement that said G. W. Robinson is, and has been for the past four years, employed as boat captain for the Game, Fish and Oyster Commission, under J. D. Arnold, who is Director of Coastal Operations of the Game, Fish and Oyster Commission; therefore the employment of said G. W. Robinson comes under the provision of Article 978m of the Penal Code of Texas above set out.

There is nothing in any of the above constitutional or statutory provisions that would prevent said G. W. Robinson from running for office, or that would require him to give up his office as Game Warden in order to continue in the race for Sheriff of Bee County.

Reference is made in the letter to you from R. D. Ennis to Chapter 251, House Bill No. 393, Acts of the 48th Legislature, Regular Session, pages 375-376, and the contention is made that such bill prohibits any administrative officer of the State of Texas, with the exception of legislative and judicial officers, members of the Legislature and Judges of the Courts of Texas, from running for office while holding an administrative office. In our opinion, such law, which is Article 2929a, Vernon's Annotated Civil Statutes, would, in no event, be effective here as it was intended to apply only to the persons elected or appointed to an executive or administrative public office in the State of Texas for a term of more than two years.

It will be seen from a reading of Article 978m of the Penal Code of Texas, above set out, that said G. W. Robinson could not have been appointed for a term of more than two years as he served only at the will of the Director of the Coastal Division. Article 16, Sec. 30, of the Constitution of Texas, provides "that the duration of all offices not fixed by the Constitution shall never exceed two years." This provision has been held to apply to a deputy county clerk. (Donges vs. Beall, County Clerk, et al, 41 S. W. 2d, 531. Writ refused). Therefore, since no provision was made for the employees of the Game, Fish and Oyster Commission to serve more than two years, said G. W. Robinson could not serve longer than that period of time without being re-appointed.

Hon. Murrell I. Buckner, page 7

Besides, Article 2929a, above referred to, was held uncon-
stitutional by the Supreme Court of Texas on June 24, 1944,
in the case of Burroughs, et al, vs. Lyles, County Chairman,
et al, 181 S. W. (2d) 570, on the following grounds:

"The qualifications for the office of State
Senator are set out in Article III, Section 6, of
the Constitution. It was held by this Court in
Dickson vs. Strickland, 114 Texas, 176, 265 S. W.
1012, that where the Constitution prescribes the
qualifications for office, it is beyond the legis-
lative power to change or add to the qualifications,
unless the Constitution gives that power. That de-
cision was re-affirmed in State ex rel. Candler,
et al, vs. Court of Civil Appeals, et al, 123 Texas,
549, 75 S. W. 2d, 253. The statute here involved
seeks to impose an additional text of eligibility,
other than what is prescribed by the Constitution,
on a candidate for State office, and for that reason
it is void.

"Article I, Section 3, of the Constitution,
guarantees to all persons equality of rights. This
provision of the Constitution was designed to prevent
any person, or class of persons, from being singled
out as a special subject for discriminating or hostile
legislation. 9 Texas Jurisprudence, page 551, Sec. 115.
This principle of equality also applies toppolitical
rights. 9 Texas Jurisprudence, page 552, Sec. 116.
Under the foregoing provision of the Constitution, the
Legislature has the power to adopt any classification
it sees fit, provided there is a reasonable basis for
such classification. Ex parte Faison, 93 Texas Cr. R.
403, 248 S. W. 343; Lessing v. Hughes (Civ. App.), 244
S. W. 556; Friedman v. American Surety Company of New
York, 137 Texas, 149, 151 S. W. 2d, 570.

"The statute here involved purports to apply
only to 'executive or administrative' officers, and
in the second paragraph expressly exempts members of
the Legislature and the Judiciary. The discrimina-
tion is apparent and we can perceive no reasonable
basis for the classification. The Act violates the
Constitution, and is, therefore, void.

Hon. Murrell L. Buckner, page 8

> "This statute is invalid for other reasons. It does not contain the usual clause providing that if any part of such statute should be held invalid, the remainder thereof should be upheld. Therefore, the Act must be construed in its entirety. It undertakes to place certain restrictions other than those prescribed by the Constitution, on persons who desire to seek office. This cannot be done. Also, it cannot be said that the Legislature would have passed this Act with certain parts of it omitted. There is nothing in the Act which would justify this court to so construe it. Such construction would result in this court's reshaping the entire Act, and such a holding would be contrary to well established rules. Texas-Louisiana Power Company vs. City of Farmersville, (Com. App.), 67 S. W. 2d, 235; Davis v. Wallace, 257 U. S. 478, 66 L. Ed. 325; Empire Gas & Fuel Company v. State of Texas, 121 Texas, 138, 47 S. W. 2d, 265; Lewis' Sutherland's Stat. Con (2d ed.), Vol. 1, 306; Ruling Case Law, Vol. 6, p. 129, Sec. 127."

It is our opinion, therefore, that a Game Warden would not have to resign his position in order to be a candidate for a county office.

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Jas. W. Bassett
      Jas. W. Bassett
      Assistant

JWB:rt

