

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 6, 1970

Honorable Robert S. Calvert        Opinion No. M-625
Comptroller of Public Accounts
Capitol Station                    Re: Legality of issuing
Austin, Texas                          warrant to a member of
                                       the Legislature or to a
                                       firm, partnership or corp-
                                       oration in which he is
                                       interested, for goods or
                                       services supplied to a
                                       state agency.

Dear Mr. Calvert:

Your recent letter inquires concerning the legality of
payment of expenses incurred in the operation of a state
agency and advised us that such expenses are provided for by
pre-existing law and that appropriation has been made for said
expenses.

Your specific inquiries are:

"(1)  Can I legally issue my warrant to a
member of the Legislature of this State in payment
of business services performed by or supplies or
materials sold by said member of a State Agency,
when the warrant is to be charged to moneys appro-
priated by the Legislature during the term for
which said member was elected to the Legislature?

"(2)  Can I legally issue my warrant to pay
an account necessary for the operation of a State
Agency to a firm, partnership or corporation of
which the member of the Legislature is a member of
or owns an interest in said firm, partnership, or

corporation, when said warrant is to be charged
to moneys appropriated by the Legislature during
the term for which said member was elected to
the Legislature?"

In view of authorities cited herein, we must reply in the
negative to your first question.

The last clause of Article III, Section 18, Constitution
of Texas, as amended November 5, 1968, reads as follows:

"....nor shall any member of the Legislature
be interested, either directly or indirectly, in
any contract with the State, or any county thereof,
authorized by any law passed during the term for
which he was elected."

You have not cited the session law under which the relevant
appropriations were made, but even a General Appropriations Act
falls within the purview of the phrase, "any law passed during
the term for which he was elected." Article VIII, Section 6,
Constitution of Texas, and Attorney General Opinions O-1519
(1939) and O-6582 (1945).

In Lillard v. Freestone, 57 S.W. 338, (Tex.Civ.App. 1900,
no writ), the Court considered a printing contract covering
the publication of a delinquent tax list, and awarded by the
County to a member of the Legislature. The law providing for
publication of such list had been passed during one term served
by the member and reenacted with some change in the rate allowed
for publication during the term of the member that included the
date on which the contract was made.

Even though the contract stated that the county was not
obligated to make any payment from its own funds, and Lillard
"is to look to the delinquent tax payers for his costs, when
paid.....," the court held the contract invalid, stating:

"....We think it apparent that the intention
of the above clause of the constitution (Article 3,
Section 18) was to absolutely prohibit any person

from entering into a contract with the state or county authorized by a statute passed by a legislature of which such person was a member. Such being the case, the intention should be given effect. Cooley, Const. Law, p. 69; Story, Const. § 413; Rawle, Const. ch. 1., p. 31; Potter's Dwar. St. p. 659." (parenthesis material supplied.)

Conference Opinion of the Attorney General's Department, No. 2411, January 30, 1922, held,

"A person who was a member of the Legislature at the time of the enactment of what is known as the State Highway Commission Law could not lawfully make a contract with a county for road construction work involving funds awarded to such county by the State Highway Commission."

Attorney General Opinion No. 0-1519, supra, held:

"It is our opinion that it would be violative of Section 18 of Article 3 of the Constitution of Texas for a member of the Legislature to sell livestock or any other commodity to the Texas Prison System through the Board of Control or to any other State Department when the authority for the purchase is conferred and the money to pay for livestock or other commodity is appropriated under the General Departmental Appropriation Bill passed during the term for which said member of the Legislature was elected."

Attorney General Opinion No. 0-6582, supra, held a contract between the State of Texas and a member of the Legislature, or a corporation in which a member is a stockholder, for the publishing of proposed constitutional amendments adopted during the member's term, was prohibited by Article III, Section 18, Constitution of Texas. In that opinion, it was assumed that the Legislature at the same term appropriated

money for the publication, but in our opinion the contract would be invalid absent such appropriation if the resolution authorized such publication.

Your second inquiry involves the application of Article III, Section 18 to the situation where a member of the Legislature owns an interest in a firm, partnership, or corporation.

Article III, Section 18 proscribes an interest, either "direct or indirect," in the prohibited contracts. It is our opinion, therefore, that this provision of the Constitution prohibits a contract with any firm or partnership where a member of the Legislature is a member of the firm or partnership and under circumstances which would forbid the contract with the Legislative member individually. 43. Am. Jur. 105, Public Officers, Secs. 296 and 297; Thompson v. School District, 252 Mich. 629, 233 N.W. 439, 440 (1930), reasoning that membership in a partnership is a disqualifying interest and clearly an "individual interest." "A partnership is nothing more than the individuals who have associated themselves together in the conduct of a business." Burke Machinery Co. v. Copenhagen, 138 Or. 314, 6 P.2d 886, 888 (1932).

Your second inquiry also raises the question of the applicability of Article III, Section 18, Constitution of Texas, as amended November 5, 1968 to the situation where a member of the Legislature is a stockholder in a corporation. No single, all inclusive rule can be laid down to govern situations of this kind. Each case presented must be decided on the basis of the facts of that particular case.

The general rule would prohibit a corporation in which a Legislator is a stockholder from contracting with the state or a county. 43 American Jurisprudence 107, Public Officers, Section 300 - Interest in Contracting Corporation - states as follows:

> "The general rule is to the effect that the interest of a public officer as a stockholder in

a corporation entering into a contractural re-
lation with the public is a prohibited interest
in the transaction within the meaning of statu-
tory provisions in substance prohibiting a public
officer from being interested directly or in-
directly in any contract with the public, and of
the common-law principle against such interest,
based upon public policy, of which such statutory
provisions are the concrete expression. A stronger
case of interest exists where public officers are
not only stockholders but also officers of corpo-
rations with which the public has attempted to enter
into a contract. The interest of the parties in
such cases is clearly within the meaning of pro-
visions prohibiting public officers from being
interested directly or indirectly in contracts
with the public."

In our opinion, however, it is necessary in each case pre-
sented to examine a number of relevant factors in order to de-
termine whether the Legislator actually owns an interest of the
kind within the prohibition of the Constitution. It is essential
to determine whether the Legislator is an officer or director of
the corporation, whether he is influential in the management of
the corporation through any other circumstance, whether he owns
in his own name or beneficially a substantial interest in a
closely held corporation, or whether his interest is in fact a
minor interest in a corporation with many shares widely dis-
tributed so that his ownership entitles him to no substantial
share in the management or earnings of the corporation.

A valid analogy may be applied to the corporate situations
arising under the last provision of Article III, Section 18
and cases arising under the provision of Article 5, Section 11,
Constitution of Texas, which provides that "No judge shall sit
in any case wherein he may be interested...."

In this connection see Hubbard v. Hamilton County, 113 Tex.
547, 261 S.W. 990 (1924), for the holding that "The elementary

rule is that the interest sufficient to disqualify a judge from sitting in a case 'must be a direct, real, and certain interest in the subject matter of the litigation, not merely indirect or incidental, or remote or contingent or possible,'" citing authorities. (Emphasis supplied.)

In the same opinion, at page 992, appears the language:

"Again the rule is elementary that an interest which a judge has in common with many others in a public matter is not sufficient to disqualify him."

See also from Moody v. City of University Park, 278 S.W.2d 912 (Tex.Civ.App. 1955, error ref. n.r.e.) the following language:

"Accordingly, to be disqualified for interest, the judge must, by the judgment in the case, gain or lose something, the value of which may be estimated. 25 T.J., p. 269. Moreover, the liability of pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely, in the future from the general operation of the law upon the status fixed by the decision," citing authorities. (Emphasis supplied.)

See 63 C.J.S. 558, Municipal Corporations, Section 991 - What Constitutes "Interest" in Contract - under subhead "Modification or abrogation of rule" for the following:

"In other jurisdictions there is a further modification of the rule as to the amount of interest which it is necessary to show, the modified rule being that it must be large enough to give rise to a real conflict of interest."

In our opinion, then, the facts of a particular case wherein a Legislator is a stockholder in a corporation doing business with the state could clearly bring the case as a matter of law within the prohibition of Article III, Section 18, or

Hon. Robert S. Calvert, page 7 (M-625)


the facts might well show that the Legislator's interest is so remote that there is no real conflict of interest and remove the case from the prohibition. In each case all the relevant facts will have to be fully developed before the proper determination may be made.

To construe the Constitutional provision so strictly that it would apply where a Legislator owned an insubstantial interest in a large corporation with many shares widely distributed, and where he had no control or meaningful influence in the management of the corporation, would probably bring into question many state and county contracts entered into in good faith with suppliers of goods and services essential to the operation of the state and county governments.

Attorney General Opinion No. 0-6582, supra, is modified to the extent of any conflict with this opinion.


## S U M M A R Y

The Comptroller may not lawfully issue his warrant, in payment of goods or services furnished to a state agency, to a member of the Legislature or to a firm or partnership of which a member of the Legislature is a member, when the warrant is to be charged to funds appropriated by the Legislature during the term for which said member was elected to office.

No single rule will serve to hold that when a member of the Legislature owns stock in a corporation that corporation is or is not precluded from contracting with the state or a county under the provisions of Article III, Section 18, Constitution of Texas. Each case must be determined strictly on the basis of a full development of those relevant facts discussed in this opinion, as well as any additional relevant facts.

Attorney General Opinion No. O-6582 (1945) is modified to the extent of any conflict with this opinion.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

W. O. Shultz
Houghton Brownlee
Jack Goodman
Monroe Clayton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant