W. E. ELLIOTT v. SAM. R. SCOTT, DISTRICT JUDGE, ET AL.

Motion No. 9000. Decided February 26, 1930.
(25 S. W., 2d Series, 150.)

*Luther Nickels, Walton D. Taylor,* and *C. S. Farmer,* for relator.

That Judge Scott is disqualified, in fact and law, is demonstrated by the unquestioned and unquestionable fact that his interest in the suit and subject-matter and result is exactly equal to the interest of any one or all of the Plaintiffs. Whatever the interest in either respect may be, it is the exact interest existent in the other respect. Hence,—such cases as Robbins, Tax Collector v. Limestone County, 113 Texas, 542, 261 S. W., 994; Hubbard v. Hamilton County, 113 Texas, 547, 261 S. W., 990; McFaddin v. Preston, 54 Texas, 403; City of Oak Cliff v. State, 97 Texas, 391, 79 S. W., 1068; City of Dallas v. Armour & Co., 216 S. W., 222; City of Dallas v. Peacock, 89 Texas, 58, 33 S. W., 220; Thornburgh v. Tyler, 43 S. W., 1054, do not support the contention of Judge Scott's qualification. But City of Austin v. Nalle, 85 Texas, 534, 22 S. W., 668, 960, even as explained and limited in City of Dallas v. Peacock, 89 Texas, 58, 33 S. W., 220, supports the contention of his disqualification because, as stated, no distinction can be drawn between the interest of the plaintiffs and the interest of Judge Scott in point of directness or in any other point.

MR. CHIEF JUSTICE CURETON delivered the opinion of the Supreme Court.

The relator has presented a motion for leave to file a petition for mandamus requiring a district judge to certify his disqualification to try a pending cause to the Governor, and the question is whether or not that motion should be granted.

The petition for mandamus with accompanying exhibits disclose the facts relied upon to authorize the issuance of the mandamus. On May 13, 1929, the relator entered into a contract with McLennan County with respect to compiling and securing data and information necessary or appropriate in enforcing the collection of delinquent State and county taxes. Among other duties assumed by the relator by that agreement were the following:

"III. Second party agrees to tabulate, arrange and prepare all information and data pertaining to the taxes that have become due and delinquent in McLennan County from the 31st day of January, 1885, to the 1st day of February, 1929, which may be necessary to enable the county attorney to speedily and conveniently file suits against the proper parties and to proceed against the proper real estate for the collection of such delinquent taxes and to place such data and information in writing at the disposal of the county attorney or such other attorney as may be lawfully employed to file and prosecute such suits.

"IV. Second party agrees and obligates himself to compose and prepare proper petitions to be used in filing and prosecuting all suits for the collection of delinquent taxes embraced in this contract and place same at the disposal of the county attorney or other attorney.

\* \* \* \* \* \*

"VII. In consideration of the performance of this contract by second party, first party hereby agrees to pay second party 20 per cent of all delinquent and insolvent taxes, penalties and interest due the state and county for the years beginning January 31st, 1885, to the 1st day of February, 1929; which compensation shall be paid by the Tax Collector of McLennan County for the collection of said taxes, and to be from time to time as the said taxes are collected.

"VIII. First party hereby agrees to make written request of the county attorney of said county to diligently and in good faith file and prosecute to final conclusion all proper and necessary suits for the collection of the delinquent taxes hereinbefore mentioned, and in the event said county attorney shall fail to do so, said second party will employ a competent attorney at his own cost and expense to enforce or assist in the enforcement of the collection of said delinquent taxes."

On October 1, 1929, a supplemental contract was entered into between the parties. We find it unnecessary to set out the terms of this agreement, since its general purpose was to secure the performance of the contract evidenced by the original instrument, which it

declared should remain in full force and effect, except where specially changed.

The record shows that the relator entered upon the performance of his duties under the original contract, and was so engaged when on August 17, 1929, C. P. Shaffer and others, respondents here, filed a suit in the Nineteenth District Court of McLennan County, of which the respondent Sam R. Scott was and is the judge, the general objects and purposes of which were to secure a judgment cancelling the first contract described above, and to enjoin the relator from the performance thereof and from receiving the compensation therein provided for. By subsequent pleadings the supplemental contract was also brought into the suit and similar relief asked. The case finally came to trial in the District Court, upon elaborate pleadings of all, or nearly all, the parties, including the State as an intervener; and upon a jury finding judgment was entered against the relator. The case, however, is still pending in the District Court, either on motion for new trial or awaiting the filing of such a motion.

On the 24th day of February, 1929, the relator filed in the cause, and presented to Judge Scott, a suggestion of the latter's disqualification to sit in the case, and a motion to certify his disqualification to the Governor. The grounds of disqualification alleged were that Judge Scott owned, and for several years past had owned, real and personal property of substantial value, subject to taxation, in McLennan County, which he had rendered for taxation in that county, and that by reason thereof the judge had such an interest in the subject matter of the contract as was sufficient to disqualify him to try the case under the Constitution and laws of the State. Judge Scott heard the motion and evidence adduced thereon, and found and declared that he then owned, and for several years past had owned, certain lands in the City of Waco; that this property had been subject to State and County taxes within the county, and had been regularly rendered and assessed therefor; that at the time the motion was presented it was still owned by him, and was subject to taxation and rendition and assessment therefor. He concluded that the facts found did not disqualify him to sit as a judge in the trial of the cause. Having reached this conclusion, he declined to certify his disqualification, for the reasons stated above.

We think the ruling of Judge Scott that he was not disqualified a correct one. In so far as the record discloses, he has no more interest in the contract with the relator, and the results which may

flow from its execution or from its cancellation, than has every other tax paying citizen of McLennan County. If by reason of the execution of the contract large amounts of delinquent taxes should be collected, Judge Scott would be benefited, if at all, no more than, and in no manner different from, every other tax paying citizen of the county; or if the contract should be abrogated, the benefits he might receive thereby, or the injuries if any, would be similar in character to those received or suffered by every other tax paying citizen of the county.

The rule is elementary that an interest which a judge has in common with many others in a public matter is not sufficient to disqualify him. Hubbard v. Hamilton Co., 113 Texas, 547; 33 Corpus Juris, p. 995, Sec. 140; City of Oak Cliff v. State, 97 Texas, 391; City of Dallas v. Armour & Co., 216 S. W., 222; City of Dallas v. Peacock, 89 Texas, 58; Thornburgh v. Tyler, 16 Texas Civ. App., 439, 43 S. W., 1054.

The rule is likewise elementary that the interest sufficient to disqualify a judge from sitting in a case "must be a direct, real, and certain interest in the subject matter of the litigation, not merely indirect or incidental or remote or contingent or possible." 33 Corpus Juris, p. 994, Sec. 137, and authorities just cited.

In the case of Hubbard v. Hamilton County, 113 Texas, 547, we reviewed somewhat at length the authorities bearing on the subject of the disqualification of judges. In that case Hamilton County brought an action to enjoin the tax collector from paying over to the members of the State Highway Department, and the latter from paying over to the State Treasurer, as part of the State Highway Fund, license taxes collected from persons owning and operating motor vehicles, collected under the Act of March, 1923,— on the ground that the Act was unconstitutional and invalid. Upon the question as to whether or not the judges of the Court of Civil Appeals were disqualified to hear the appeal, by reason of the fact that they owned motor vehicles, and were liable as such to a similar tax, in the event that it should be held valid, we held that such judges were not *"interested"* in the cause within the meaning of that term as used in the Constitution, nor were they *"interested"* in the question to be determined within the meaning of the statute involved, and that they were not disqualified to sit in the case. This holding was based upon the proposition that at most the interest of the judges in the result of any decision which might be made by them was not direct and immediate, but remote or contingent; that their

interest was that in common with many others, and was therefore insufficient to disqualify them.

We think it unnecessary to review the authorities further, since they are discussed in the opinion which we have just cited. We think the rule is correctly stated in the case of City of Oak Cliff v. State, 97 Texas, 391, 393, as follows: "Where a judicial officer has not so direct an interest in the cause or matter as that the result must necessarily affect him to his personal or pecuniary loss or gain, then he may sit."

In the case before us it is obvious that Judge Scott has no direct, real, and certain interest in the subject matter of the litigation; that his interest, if any at all, is merely indirect, incidental, remote, contingent, or possible; that the interest which he has is that merely as a resident or tax payer, and that he will be no more affected by any decision which may be made in the case than every other citizen of the county who is a tax payer. Such an interest, as is plainly shown by the authorities we have cited, and as is quite fully set forth in the last opinion we have discussed, is not sufficient to disqualify under the Constitution. We are of the opinion, therefore, that Judge Scott was not *"interested"* in the case pending before him within the meaning of that term as used in the Constitution and statutes of this State, providing that a judge shall not sit in a cause in which he is interested.

The other questions presented in the petition for mandamus, relative to the capacity of certain of the respondents, plaintiffs in the cause pending in McLennan County, to bring and maintain that suit,—and as to whether or not the County is, or ought to be, a party to the action, are not questions for our consideration upon a petition for mandamus, but present issues which may be determined upon the regular appeal of the case from such decision as may be made by the trial court. We therefore decline to pass upon them in any way. The only question here decided is that Judge Sam R. Scott was not disqualified to try the case. We accordingly overrule the motion for leave to file the petition for mandamus.