**WAGNER et al. v. STATE et al.**

No. 11854.

Court of Civil Appeals of Texas. San Antonio.

Oct. 6, 1948.

Rehearing Denied Nov. 10, 1948.

Writ Refused Feb. 9, 1949.

C. D. Jessup, of Houston, David R. White, of Uvalde, and Ralph W. Yarborough, of Austin, for appellants.

R. A. Taylor, Jr., of Crystal City, and Black & Stayton, of Austin, for appellees.

MURRAY, Justice.

On October 23, 1946, Hon. K. K. Woodley, District Judge of 38th District Court of Zavala County, Texas, rendered a judgment in Cause No. 3253, styled State ex rel. Crawford et al. v. Wagner et al., denying the relators all relief prayed for. An appeal was attempted from that judgment, but the appeal was dismissed, Tex.Civ.App., 203 S.W.2d 795.

This suit was a quo warranto proceeding, wherein it was sought to have the attempted organization of the Southwest Texas Joint County Junior College District declared a nullity and to have the trustees thereof enjoined from acting as such and from levying or collecting taxes.

The present suit was instituted by the State of Texas and Crawford, Davidson and Rutledge, the same relators as in the prior suit in the same District Court of Zavala County as Cause No. 3355, seeking to have the judgment theretofore rendered in Cause No. 3253 set aside and held for naught, because, it is contended, Judge K. K. Woodley was disqualified to render such judgment, in that he had an interest in the subject matter of the suit. Specifically, it is alleged that Judge Woodley owned property within the boundaries of the purported Junior College District that would be subject to taxation in the event the district was held to be a valid district. After judgment was rendered in Cause No. 3253 holding the district to be a valid district, Judge Woodley's property was assessed for taxes for the support and maintenance of the Junior College and he has paid this tax.

Hon. Roger Thurmond, Judge of the 63d Judicial District, presided at the trial in Cause No. 3355 and ruled that Judge Woodley was disqualified and therefore declared the judgment in Cause No. 3253 to be null and void, held same for naught, and set it aside. This appeal is from that judgment.

The qualification of Judge Woodley to render judgment in Cause No. 3253 is the question to be here decided.

On the principle that no one can be judge of his own cause, it is well settled that a judge is disqualified from acting in a cause where he has an interest in the subject matter of the suit. 48 C.J.S., Judges, § 78, page 1045. Our Constitution provides, Section 11, Art. 5, Vernon's Ann.St., "No judge shall sit in any case wherein he may be interested." A similar provision is contained in our statutes, Art. 15, Vernon's. Ann.Civ.Stats.

The interest of a judge, in order that he may be disqualified, must, in general, be a direct pecuniary or property interest in the subject matter of the litigation. A remote or problematic interest, or one merely in the legal question involved will not suffice. 48 C.J.S., Judges, § 79, page 1046, 25 Tex.Jur. p. 270, § 30.

Where a judge's pecuniary interests are not specially affected, a judge is not, by reason of being a taxpayer, disqualified from sitting in a case although he may have a merely incidental, remote, contingent or

possible pecuniary interest in the subject matter of the suit. 25 Tex.Jur. p. 279, § 38.

In the instant case an attempt had been made to organize a three county junior college district and in the election to create the junior college district the trustees of the district were authorized to levy and collect taxes for the support and maintenance of the junior college. Judge Woodley was the owner of property located within the purported junior college district and this property would have been subject to a tax for the support and maintenance of the junior college, if, as and when the district was legally created.

The State and Relators in Cause No. 3253 instituted that suit in the form of a quo warranto proceeding to question the validity of the formation of the Southwest Texas Joint County Junior College District, and to enjoin the trustees thereof from levying or collecting any tax for the support and maintenance of the junior college. However, if the District was invalid and void, then the trustees would be without authority to levy and collect taxes or do anything else, and, on the other hand, if the District was a valid district, then there would be no reason to enjoin the trustees from levying and collecting taxes, as they would have a legal right to do so. In other words, the entire suit would stand or fall upon the question of the validity of the Junior College District. At the time Cause No. 3253 was tried taxes had been levied, but they had not been assesed against property in the purported Junior College District.

The trial judge found in his findings of fact, among other things, as follows:

"The Hon. K. K. Woodley, Judge of the Thirty-Eighth Judicial District of Texas, at the time he tried and rendered judgment in Cause No. 3253, had no different interest in the questions to be determined in Cause No. 3253, in the District Court of Zavala County, Texas, styled The State of Texas ex rel. R. S. Crawford et al., Relators, v. L. Wagner, et al., Respondents, from the interest of any other person owning property in the Counties of Real, Uvalde and Zavala, subject to taxation by said Junior College District, under the Order of the Board of Trustees of said District, dated June 26, 1946, levying a tax for the year 1946 for the support and maintenance of said Junior College District and for the construction and/or equipment and/or maintenance and/or purchase of school buildings and grounds for such District."

Appellants contend that Judge Woodley having no different interest in the quo warranto suit from the interest of any other person owning property in the Counties of Real, Uvalde and Zavala, subject to taxation by the Junior College District, he was not disqualified to hear and determine the cause. This contention is in keeping with the following cases: McFaddin v. Preston, 54 Tex. 403; Hubbard v. Hamilton County, 113 Tex. 547, 261 S.W. 990; City of Oak Cliff v. State, 97 Tex. 391, 79 S.W. 1068; Elliott v. Scott, 119 Tex. 94, 25 S.W.2d 150; City of Dallas v. Peacock, 89 Tex. 58, 33 S.W. 220, 25 Tex.Jur. 270; Orndorff v. McKee, Tex.Civ.App., 188 S.W. 432.

The cases apparently relied upon by appellees are those of City of Austin v. Nalle, 85 Tex. 520, 22 S.W. 668, 960; Wetzel v. State, 5 Tex.Civ.App. 17, 23 S.W. 825; State v. City of Cisco, Tex.Civ.App., 33 S.W. 244. The Nalle case is by the Supreme Court of Texas, and the Wetzel and City of Cisco cases are Court of Civil Appeals cases which were decided shortly after the Nalle case and followed the Nalle decision. We decline to follow these cases, if by following them we would be compelled to hold that Judge Woodley was disqualified to hear the cause here involved, being Cause No. 3253 upon the docket of the District Court of Zavala County.

We agree with what Chief Justice Fly of this Court had to say in Garess v. Tobin, Mayor, 261 S.W. 430, 431, to-wit:

"The Nalle case can easily be distinguished from the case under consideration. In the Nalle case bonds had been issued and sold by the city of Austin, and it involved the levying of a tax to provide for the interest and sinking fund. This is merely a contest of an election; no steps having been taken to issue bonds. If the facts of the two cases had been the same, however, the Nalle case has been so limited, if not over-

466

ruled, by an opinion by the same great judge in the case of City of Dallas v. Peacock, 89 Tex. 58, 33 S.W. 220, that it is much weakened as an authority. After discussing several English decisions, which hold that the taxpayer in a municipal corporation has such an interest in a suit between the corporation and another party as disqualified him to sit as judge or juror in the case, the court held:

" 'But we think the doctrine that being a mere taxpayer of a city does not work a disqualification is supported by the sounder reason, at least, as applied to municipalities existing under our laws.' * * *

"Of all Texas cases on the subject of disqualification by reason of interest, the clearest and most reasonable is the decision rendered by Judge R. R. Gaines in the case of City of Dallas v. Peacock, [supra], and he has forcibly and plainly declared the rule that should obtain. In that case it was held that the relation of—'a taxpayer of a city to the city is not different from that of a taxpayer of a county to a county. Neither is it distinguishable · * * * from that of one who owns taxable values in the state to the state.'

"Having fixed the relation of taxpayer in the city to the city as the same as that of a taxpayer in a county and the state to the county and the state, the court then says:

" 'Yet that taxpayers in the state are qualified to sit as judges and jurors in all state cases cannot be questioned.' * * *

"The whole of the fine-spun theories and flimsy distinctions that have been drawn in American courts is based on English decisions which carried the question of interest to such an absurd extent as to deny the right of an interested witness to testify, holding that, if a 'sheriff, a juror, or a witness be in any sort interested in the matter to be tried, the law considers him as under an influence which may warp his integrity, or pervert his judgment, and therefore will not

trust him.' American courts have put aside the doctrine of disqualification as to witnesses and as to jurors and judges in regard to state and county matters, but many of them hang, with singular and unreasonable tenacity, to the English doctrine when applied to cities. We fail to see the distinction, and it is a reflection upon the honor and integrity of every taxpaying judge and juror in a city to claim his disqualification in the trial of causes in which the city may be a party.

"This court has rendered many decisions in which the financial affairs of the city of San Antonio have been involved, and it has never been claimed that there was any ground for impeaching one of the judgments on the ground of interest. The spirit of the Constitution does not call for the trial of city cases by vagrants or impecunious individuals, who pay nothing to maintain the city, or by men from other points in the state. If the courts are disqualified, the sheriff and jurors are disqualified, and a change of venue must necessarily be granted in every case in which a city is interested."

We are of the opinion that judge Woodley had no such direct personal interest in the quo warranto proceedings as to disqualify him from sitting. Any interest which he might have had was too shadowy, indirect, remote and contingent to disqualify him. This is evidenced by the fact that apparently Judge Woodley's alleged disqualification never ocurred to the litigants or attorneys on either side until months after the quo warranto matter had been decided.

The opinion heretofore delivered by this court on October 6, 1948, will be withdrawn and this opinion substituted therefor.

The judgment of this Court heretofore rendered herein, reversing and rendering this cause, will be adhered to and appellees' motion for a new trial overruled.