ADAMS, Justice
(concurring):
In preparation for deliberations in this cause, I discovered for the first time that I met all of the requirements for membership in the class in Henderson v. Graddick, 641 F.Supp. 1192 (1986, M.D.Ala.). That class is defined as “all black registered voters who voted in both the June 3 Democratic primary and the June 24 Democratic runoff.” Because a canon of the Alabama Canons of Judicial Ethics specifies that “a judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned,” I addressed a memorandum to all attorneys of record asking that they set forth in writing whether they were of the opinion that I should disqualify myself.
My concern arose from the fact that recently the Supreme Court of the United States in Aetna Life Insurance Co. v. Lavoie, — Ü.S. —, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986), decided that a former member of this Court should not have sat in that cause because that Justice had a “direct, personal, substantial.[and] pecuniary” interest in the case. That Justice had filed a class action suit against another insurance company (the class had not been certified), which had similar issues, and which was pending at the time he participated in the decision in the Lavoie case. However, the United States Supreme Court held that the other Justices' were not disqualified from participating in the decision of the case because their interests were highly speculative, contingent, and not direct when compared to the interest of the other Justice.
At the time I expressed my concern, I was not aware of the fact that this same issue had been addressed in the case of In Re City of Houston, 745 F.2d 925 (5th Cir.1984). The judge involved in that case was held, under ethical canons similar to Alabama’s, not to be disqualified from hearing and deciding issues in which the black judge, as here, was a member of the plaintiff class. In that case, the class was defined as all black and Mexiean-American registered voters in Houston, Texas. There, the judge actually heard and decided parts of the same case in which she was a class member. The Fifth Circuit Court of Appeals held that “an interest which a judge has in common with many others in a public matter is not sufficient to disqualify him.” Russell v. Wheeler, 165 Colo. 296, 439 P.2d 43 (1968); Hidalgo County Water Improvement Dist. No. 2 v. Blalock, 157 Tex. 206, 301 S.W.2d 593, 596-97 (1957); Elliott v. Scott, 119 Tex. 94, 25 S.W.2d 150, 151 (1930).
However, in order that there may be no question about my impartiality in this matter, I have taken steps to exclude myself from membership in the class in the Henderson case.