

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00363-CV

**OLD TIN ROOF STEAKHOUSE, LLC,**
Appellant

v.

Michael D. **HASKETT** and Hedel Haskett,
Appellees

From the County Court at Law, Kendall County, Texas
Trial Court No. 09455CCL
Honorable Bill R. Palmer, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  March 20, 2013

AFFIRMED

This appeal arises out of a dispute between a restaurant and its landlord.  Appellant, Old Tin Roof Steakhouse, LLC (OTR), contends the trial court erred in denying two motions to recuse and disqualify the trial judge and the trial court erred in granting summary judgment that the statute of frauds precludes enforcement of a right-of-first-refusal clause in the lease.  We affirm.

BACKGROUND

OTR leased space in a building in Boerne from Ruben and Martha Klar in 2007. OTR used the space as a restaurant. In 2008, the Klars conveyed the entire property to their daughter and son-in-law, appellees Hedel Haskett and Michael D. Haskett. The Hasketts then transferred the property to a limited liability company called TenQ. The OTR lease was assigned to TenQ, and OTR consented to the assignment. The parties had numerous disagreements about the performance of the lease, resulting in this litigation.

OTR alleged, among other claims, that the Klars and Hasketts violated a right-of-first-refusal clause in the lease by failing to offer OTR the opportunity to purchase the property before the conveyances to the Hasketts and TenQ. OTR sought to enforce the right-of-first-refusal or, alternatively, to recover damages for its breach. The Hasketts filed a motion for partial summary judgment, asserting that the property description in the lease was insufficient as a matter of law to comply with the statute of frauds and therefore the right-of-first-refusal clause was unenforceable. The trial court granted the motion and set the remaining claims for trial. Following trial, the trial court rendered final judgment that OTR take nothing and awarded attorneys' fees to the Hasketts.

In December 2010, before any hearing had been held in the trial court, and again after the judgment was signed, OTR filed motions to recuse and disqualify Judge William Palmer from the case. Judge N. Keith Williams heard and denied both motions. OTR appeals the judgment.

DENIAL OF MOTIONS TO RECUSE AND DISQUALIFY

OTR's first issue asserts the trial court erred "in denying OTR's Motion to Recuse and Disqualify heard by the court in January 2011 and again in May 2012." We review orders denying motions to recuse or disqualify brought pursuant to Rule 18b of the Texas Rules of Civil Procedure for abuse of discretion. *See* TEX. R. CIV. P. 18a(j); *Fuqua v. Oncor Elec. Delivery*

*Co.*, 315 S.W.3d 552, 560 (Tex. App.—Eastland 2010, pet. denied). On appeal, OTR contends that one of the disqualification grounds it asserted in its second motion—that Judge Palmer has an interest in the case—is a ground for disqualification under the Texas Constitution. *See* TEX. CONST. art. V, § 11. A judge's constitutional qualification to preside over a case is jurisdictional and therefore cannot be waived and may be raised at any time. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). We review jurisdictional issues *de novo*.

Judge Palmer referred both motions pursuant to Rule 18b(f), and Judge Williams was assigned to hear them. The Hasketts assert that Judge Williams held hearings on both motions in open court where evidence was taken, and at oral argument OTR agreed that both hearings were evidentiary and reported by court reporters.

## The First Motion

The pretrial motion alleged three grounds for recusal and one ground for disqualification. *See* TEX. R. CIV. P. 18b(a)(1), (b)1, (b)(2), and (b)(4). The motion was supported by the sealed affidavit of OTR's attorney. After an evidentiary hearing, Judge Williams denied the motion to recuse and disqualify. To date, OTR has not requested a record of that hearing be filed in this appeal, despite appellees pointing out the omission. Without a record of the hearing, this court cannot review whether Judge Williams abused his discretion because OTR has presented nothing for review. *See Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied); *see also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) (stating that "[i]f the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error").

**The Second Motion**

OTR's second motion to recuse and disqualify, filed after the judgment was signed, added a ground for recusal pursuant to Rule 18b(b)(3) and asserted Judge Palmer was disqualified because he has an interest in the subject matter of the controversy. *See* TEX. CONST. art. V, § 11; TEX. R. CIV. P. 18b(a)(2), (b)(3). Attachments to the motion included records from the Texas Secretary of State, real property records, judicial ethics opinions, and some record excerpts from the pre-trial hearing and trial. Judge Palmer again referred the motion, and after an evidentiary hearing in May 2012, Judge Williams denied the motion.

On appeal, OTR requested the court reporter to file the excerpts from the pre-trial and trial proceedings that it had presented to Judge Williams at the May 2012 hearing and one additional excerpt from the pretrial hearing. Again, OTR did not request the court reporter to file a record of the evidentiary hearing itself, and OTR asks this court to consider only the documents attached to its motion and the limited record excerpts. With respect to the rule-based grounds OTR asserted for recusal and disqualification, we hold that by failing to file a record of the evidentiary hearing, OTR cannot show Judge Williams abused his discretion and OTR has presented nothing for this court to review. *See Birnbaum*, 120 S.W.3d at 476.

However, we must review OTR's contention that Judge Palmer was constitutionally disqualified because such a claim may be raised at any time and does not need to be preserved. *See Freedom Commc'ns*, 372 S.W.3d at 624. OTR contends our review of this issue is limited to the documents attached to its motion and the record excerpts filed on appeal. The Hasketts contend that, because OTR did not comply with the requirements of rule 34.6(c) of the Texas Rules of Appellate Procedure, we must presume the omitted portions of the record are relevant and support the conclusion that Judge Palmer was qualified to serve on the case.

**Effect of the Partial Reporter's Record**

Rule 34.6(c) of the Texas Rules of Appellate Procedure authorizes an appellant to request a partial reporter's record. If he does so, "the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). When an appellant gives proper notice of the limited issues being appealed, all parties have the opportunity to designate the relevant portions of the record, the partial record is filed, and all parties brief the identified issues in light of that record. *See id.* R. 34.6(c)(2)-(3). In its review, the court of appeals must presume the partial record designated by the parties constitutes the entire record. *Id.* R. 34.6(c)(4). If the appellant requests only a partial record, but fails to give notice of the specific issues to be appealed, the reviewing court presumes the omitted portions of the record are relevant to the disposition of the appeal and support the trial court's ruling. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (applying former Rule 53(d)). However, the rule is not to be inflexibly and unfairly applied so that an appellant forfeits his appeal because of a tardy statement of issues when the objectives of the rule were served. *Bennett*, 96 S.W.3d at 229–30.

On May 29, 2012, OTR filed its notice of appeal, generally indicating its desire to appeal the judgment. OTR requested the court reporter prepare and file a record consisting of only two excerpts from a pretrial hearing and two excerpts from the trial. OTR did not file, serve on the court reporter, or serve on the Hasketts the statement of the points or issues to be presented on appeal required by Rule 34.6(c)(1), and did not include such a statement either in its notice of appeal or in its request for a reporter's record.

OTR filed its brief on October 3, 2012, raising two issues—trial court error in denying its motions to recuse and disqualify and error in granting partial summary judgment on the statute of

frauds. The Hasketts filed their appellees' brief on December 7, 2012. The Hasketts acknowledged the record was complete as to the summary judgment issue. However, as to the recusal and disqualification issue, the Hasketts pointed out OTR's failure to comply with Rule 34.6(c) and argued this court must presume the omitted portions of the record—the records of the hearings on OTR's motions and the record of the trial—support the rulings of the trial court. The appeal was "at issue" and ready for submission on December 10, 2012.

On January 3, 2013, at OTR's request, the Kendall County District Clerk filed a supplemental clerk's record containing a "Statement of Issues for Appeal" that was filed in the trial court on December 14, 2012. The Hasketts objected to the late-filed Statement of Issues, arguing they had expended significant time and expense researching and briefing the case in reliance on the state of the record and would be significantly prejudiced if the court applied the presumption in Rule 36.4(c)(4). Alternatively, if the court gives effect to the Statement of Issues, the Hasketts requested they be allowed to designate additional relevant portions of the record to be filed and an opportunity to rebrief. However, the Hasketts asserted they would be prejudiced by the expense they would incur to supplement the record and rebrief the case, and argued this would also unreasonably delay disposition of the appeal.

OTR relies on *Bennett v. Cochran* to argue we should "flexibly" construe the requirements of Rule 34.6(c) and consider its "Statement of Issues" filed on December 14, 2012, to be timely and to trigger the presumption in subsection (4) of the rule. In *Bennett*, the court held the appellant's tardy statement of issues should have been given effect because the objectives of Rule 34.6(c) had been served. 96 S.W.3d at 230. Critical to the court's holding were its findings that the statement of issues was filed more than two months before appellee's brief was due, the appellee had a meaningful opportunity to designate additional portions of the record, nothing in the record suggested appellee's appellate posture was impaired by the delay,

- 6 -

and the appellee did not allege he was prejudiced by the delay. *Id.* at 229–30. However, the court also stated that "litigants should not view our relaxation of rules in a particular case as endorsing noncompliance. While we seek to resolve appeals on their merits, litigants who ignore our rules do so at the risk of forfeiting appellate relief." *Id.* at 230.

In contrast to the appellant in *Bennett*, OTR did not file its statement of issues until after the appellees' brief was filed and the appeal was "at issue." And, unlike the appellee in *Bennett*, the Hasketts' appellate posture would be impaired by giving effect to the late filing. This is not a case of mere technical noncompliance. To give effect to OTR's "late filing of the statement of points or issues on appeal would go against the spirit of the rules of appellate procedure." *Ortegon v. Benavides*, No. 04-05-00768-CV, 2008 WL 577175, at *4 (Tex. App.—San Antonio Mar. 5, 2008, pet. denied) (mem. op.); *see also Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819–20 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding statement of issues sought to be filed nine months late and after appellees' brief was filed was "egregious flouting of the rules of appellate procedure" and more than the "slight relaxation of the rule" described in *Bennett*). We hold OTR did not comply with Rule 34.6(c) and its very late attempt to comply with the rule is ineffective. We therefore presume the omitted portions of the record support the trial court's rulings. *See Bennett*, 96 S.W.3d at 229; *Ortegon*, 2008 WL 577175, at *3.

**Constitutional Disqualification**

Under the Texas Constitution, "[n]o judge shall sit in any case wherein the judge may be interested" TEX. CONST. art. V, § 11. "A judge is 'interested' in a case—and thus disqualified under Article V, Section 11—if an order or judgment in the case will directly 'affect him to his personal or pecuniary loss or gain.'" *Freedom Commc'ns*, 372 S.W.3d at 624 (citing *Elliott v. Scott*, 119 Tex. 94, 25 S.W.2d 150, 152 (1930)). To mandate a judge's disqualification, the

interest "must be a direct pecuniary or property interest in the subject matter of the litigation. . . . A remote or problematic interest or one merely in the legal question involved will not suffice." *Horn v. Gibson*, 352 S.W.3d 511, 514 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Bank of Tex., N.A., Trustee v. Mexia*, 135 S.W.3d 356, 361 (Tex. App.—Dallas 2004, pet. denied)).

OTR argues the partial record establishes that Judge Palmer has relationships with attorney Kurtis Rudkin and Guaranty Title Company that raise substantial questions about whether the judge has a constitutionally disqualifying interest in the case. The partial reporter's record contains Edel Haskett's trial testimony that attorney Kurtis Rudkin prepared the legal documents that effectuated the conveyances of the property at issue in this case from the Klars to the Hasketts and from the Hasketts to TenQ. The documents are part of the summary judgment exhibits and reflect that Mr. Rudkin's law office prepared them. In response to attorney Weber's question about where the documents were signed, Mrs. Haskett testified, "I believe it was at the—his law office, or the title company at his law office." In one of the record excerpts, Judge Palmer acknowledged that Mr. Rudkin's law office is a tenant in same building where Guaranty Title Company is housed and that Judge Palmer has an interest in the corporation that owns the building. Judge Palmer also stated that it appeared the person who notarized the conveyance documents was the title company's employee. However, those documents do not otherwise reflect the title company was involved in the transactions. Finally, documents OTR attached to the second motion to recuse and disqualify state that "William R. Palmer" is the registered agent of and a principal in "Guaranty Title Company of Boerne, L.L.C."

OTR does not clearly articulate Judge Palmer's purported interest in this case. There is no evidence in the record that Guaranty Title Company participated in the transfers of the property from the Klars to the Hasketts and from the Hasketts to TenQ. Further, nothing in the record before us suggests there was any dispute about the documents Mr. Rudkin prepared to

effectuate those transfers, other than the question of whether the transfers triggered the right-of-first-refusal in the lease (which Mr. Rudkin did not prepare). Mr. Rudkin did not appear in the case, either as a lawyer or as a witness. In short, nothing in the partial record suggests that any property or pecuniary interest of Judge Palmer, Mr. Rudkin, or Guaranty Title Company would be affected by this litigation. The partial record filed does not raise any question about the judge having a constitutionally disqualifying interest in the case. Moreover, we presume that the evidence presented to Judge Williams supports his conclusion that Judge Palmer did not have a disqualifying interest in the subject matter of the controversy.

OTR also asserts that Judge Palmer's ruling on motions in limine required him "to make decisions about himself and his role in the trial" and "affected him personally," thus requiring his disqualification. The Hasketts' motions in limine concerned the pretrial motion to recuse and disqualify, OTR's attorney's previous relationship with Judge Palmer, and any contention that OTR or its attorney could not get fair rulings from Judge Palmer. The judge granted the motions. OTR contends the rulings necessitated Judge Palmer's disqualification, but it does not clearly explain why, and does not explain how the rulings had any direct effect on the judge's pecuniary or property interests.

Lastly, OTR argues that Judge Palmer's bias and prejudice against its attorney is so extreme that it constitutes a violation of federal due process for Judge Palmer to preside. Recusal based on an allegation of bias "is appropriate *only if* the movant provides sufficient evidence to establish that a reasonable person, knowing all the circumstances involved, would harbor doubts as to the impartiality of the judge." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). Here, OTR asks us to hold the trial judge was so biased that due process has been violated, based solely on limited excerpts from the trial and pretrial hearings. However, both of OTR's recusal motions alleged Judge Palmer's "impartiality

might reasonably be questioned" and that he "has a personal bias or prejudice." OTR has not provided this court with the records of the two hearings where "all the circumstances involved" were presented to Judge Williams, and we presume that evidence supported the trial court's rulings.

OTR has failed to demonstrate that Judge Williams abused his discretion in denying the motions to recuse and disqualify Judge Palmer and has not shown Judge Palmer to be constitutionally disqualified to preside over the case. We therefore overrule OTR's first issue.

## SUMMARY JUDGMENT ON STATUTE OF FRAUDS

In its second issue, OTR argues the trial court erred in granting the Hasketts summary judgment on the ground that the right-of-first-refusal clause in the lease is unenforceable because it violates the statute of frauds.

OTR drafted the lease containing the following clause:

12. *Right of First Refusal.* If Landlord should elect to sell the premises, Landlord will first offer the premises for sale to the Tenant. If Landlord receives a bona fide written offer to purchase the premises, Landlord shall offer the premises for sale to the Tenant at the price offered and provide a copy of written offer.

The lease identifies "Landlord" as "Ruben Klar and Martha Klar, husband and wife," and identifies "Tenant" as "Old Tin Roof Steak House, LLC, a Texas Limited Liability Company." The lease describes the "Premises" as:

Approximate square feet: 5188 square feet
Street address/suite: 407 S. Main Street
City, county, state, zip: Boerne, Kendall County, Texas 78006

An Addendum to the lease referred to the leased space as being located at "470 S. Main Street." It is undisputed that OTR leased only a part of the building, which is actually located at 470 S. Main, and that the building has other tenants.

- 10 -

OTR alleged that the Klars' transfer of the property (all of the land and building at 470 S. Main) to the Hasketts and the Hasketts' subsequent transfer of the property to TenQ triggered the right-of-first-refusal clause. OTR sought to enforce the clause, which it contends was breached when the property was conveyed without first offering it for sale to OTR. The Hasketts pled the affirmative defense that the right-of-first-refusal is unenforceable because the description of the property to be conveyed is insufficient to comply with the statute of frauds and moved for partial summary judgment on that ground. OTR argued the Hasketts did not conclusively establish the defense and asserted an exception to the statute of frauds for partial performance. The trial court granted the motion for partial summary judgment.

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court properly grants summary judgment on an affirmative defense when the movant conclusively establishes each element of the defense. TEX. R. CIV. P. 166a(c); *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000). If the defense is conclusively established and the nonmovant raises an exception to an affirmative defense, the burden shifts to the nonmovant to bring forward sufficient evidence to raise a fact issue as to each element of the exception. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex. App.—Dallas 1997, pet. denied). The court takes as true all evidence favorable to the nonmovant and indulges all reasonable inferences and resolves any doubts in the nonmovant's favor. *Provident Life*, 128 S.W.3d at 215.

**<u>Application of the Statute of Frauds</u>**

A contract for the sale of real property must comply with the statute of frauds. TEX. BUS. & COM. CODE ANN. § 26.01(a)(4) (West 2009). An option to purchase contained in a real estate lease is a contract for the sale of real property that must comply with the statute of frauds. *See*

*Matney v. Odom*, 147 Tex. 26, 210 S.W.2d 980, 982 (1948). Likewise, a right-of-first-refusal on the sale of real property is unenforceable unless it satisfies the statute of frauds. *See Reiland v. Patrick Thomas Props., Inc.*, 213 S.W.3d 431 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Jones v. Brown*, No. 04-99-00775-CV, 2000 WL 1056028 (Tex. App.—San Antonio Aug. 2, 2000, no pet.)(not designated for publication). A contract for the sale of real property satisfies the statute of frauds only if the property description is "so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty." *Matney*, 210 S.W.2d at 982. When the contract at issue is an option contained within another document, it is the property to be conveyed pursuant to the option that must be identified with reasonable certainty. *See Matney*, 210 S.W.2d at 982; *Ardmore, Inc. v. Rex Group, Inc.*, 377 S.W.3d 45, 57 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Whether the property description in a writing is sufficient to comply with the statute of frauds is a question of law. *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied).

The Hasketts' motion for summary judgment asserted the right-of-first-refusal is unenforceable because the description of the property subject to the right-of-first-refusal fails to furnish any means by which the property referred to can be identified with reasonable certainty. The Hasketts submitted uncontroverted summary judgment evidence that the property is located at 470 S. Main and consists of 0.557 acres, more or less, and a building that is approximately 8,210 square feet. They argue there is no information in the four corners of the lease by which the 5188 square feet "premises" in the lease could be located out of the entire property at 470 S. Main. Further, the lease does not refer to any other document from which the specific identity and location of the property subject to the right-of-first-refusal could be ascertained.

OTR first argues that the lease sufficiently describes the property to be conveyed under the right-of-first-refusal as the property being leased ("approximate[ly] . . . 5188 square feet [at] 407 S. Main Street [in] Boerne, Kendall County, Texas 78006"). It argues that anyone familiar with Boerne could identify the property referred to from the address, the identity of the owners, and identity of the lessee. We disagree. The address in the description of the premises in the lease is incorrect and the lease does not identify the owner of the property, only the lessor. *See Matney*, 210 S.W.2d at 983 ("It will not necessarily be inferred that he owned the land simply because he signed the lease contract as lessor."). More importantly, "a deed purporting to convey land, which describes it only by quantity and as being part of a larger tract, with nothing whereby to identify what specific portion of the larger tract is intended to be conveyed, is void for uncertainty of description." *Matney*, 210 S.W.2d at 983 (quoting *Smith v. Sorelle*, 126 Tex. 353, 87 S.W.2d 703, 705 (1935)); *See Texas Builders v. Keller*, 928 S.W.2d 479, 481–82 (Tex. 1996) (holding description of property as "58,333 square feet . . . at 12050 Rojas" is insufficient to identify the property with reasonable certainty where the property at that address contained 100,000 square feet and nothing in document identifies which part of the property is being referred to); *Hereford v. Tilson*, 145 Tex. 600, 200 S.W.2d 985, 988–89 (1947) (holding that where lease provided lessee option to purchase part of property at given location, but it could not be determined what part of the property was included without resort to parol evidence, option violated statute of frauds and would not be enforced).

OTR argues alternatively that the "premises" referred to in the right-of-first-refusal is the entire property—the land and building—at 470 S. Main, and that the property is sufficiently described by identifying the street address and the owner. We again disagree. First, nothing in the lease itself suggests the parties to lease were referring to different things when they used "premises" as opposed to "Premises." To make its argument, OTR resorts to parol evidence

regarding the parties' intent. However, this intent was not expressed in the lease. Even if parol evidence established the parties knew and understood what property was intended to be conveyed, the knowledge and intent of the parties will not give validity to a contract with an insufficient property description on its face. *Reiland*, 213 S.W.3d at 437 (citing *Morrow v. Shotwell*, 477 S.W.2d 538, 540 (Tex. 1972)).

If we assume that "premises," as used in the right-of-first-refusal, refers to the entire property at 470 S. Main, the property description in the lease is still insufficient to comply with the statute of frauds. A property description consisting of a street address may be sufficient under the statute of frauds if the document also contains a statement of ownership and it is shown that the party to be charged owns only one property fitting the property description in the contract. *Moudy v. Manning*, 82 S.W.3d 726, 728–29 (Tex. App.—San Antonio 2002, pet. denied); *see Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222, 223–24 (1949) (holding statement of ownership in the body of the instrument is considered part of the property description). When the description of the property to be conveyed is of doubtful sufficiency, ownership is an important element. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 154 (1945). The lease does not expressly identify the owner of the property and contains no statement of ownership. Ownership cannot be inferred from the mere fact that a person is a lessor of the property or contracts to sell it. *Matney*, 210 at 983; *Wilson*, 188 S.W.2d at 154. Nor may it be supplied by parol evidence. *Id.* The mere description of the property by its address, without any statement of ownership is insufficient.

We hold the Hasketts met their burden to establish that the statute of frauds applies to the right-of-first-refusal and the property description is insufficient as a matter of law to comply with the statute of frauds, rendering the right-of-first-refusal unenforceable.

**Exception to Statute of Frauds – Partial Performance**

In response to the motion for summary judgment, OTR asserted that the agreement was removed from the operation of the statute of frauds by OTR's partial performance of the lease. Under the partial performance exception to the statute of frauds, a contract that has been partly performed, but does not meet the requirements of the statute of frauds, may be enforced in equity if denial of enforcement would amount to a virtual fraud. *Exxon Corp. v. Breezevale, Ltd.*, 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied). To remove a case from the operation of the statute of frauds, three things must be shown: "Payment of the consideration, possession by the vendee, and the making by the vendee of valuable improvements on the faith of the contract, or, in the absence of such improvements, such other facts as would make the transaction a fraud if it were not enforced." *Matney*, 210 S.W.2d at 984 (citing *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921)). To avoid summary judgment, OTR was required to present summary judgment evidence sufficient to raise a fact issue as to each element of the exception. *See "Moore" Burger*, 492 S.W.2d at 937.

OTR submitted summary judgment evidence that it paid consideration, possessed the leased premises, and made valuable improvements to the leased premises. It also submitted evidence that the right-of-first-refusal was a negotiated clause in the lease that was very important to OTR. OTR contends that it was only required to show partial performance of the lease because the right-of-first-refusal is not a separate contract until it "ripens" into an option when the owner elects to sell. However, OTR's entire cause of action is based on the premise that the right-of-first-refusal "ripened" into an enforceable option contract and was breached. To come within the partial performance exception, the performance must be "unequivocally referable to" the agreement that violates the statute of frauds. *Exxon*, 82 S.W.3d at 439. "The acts of performance relied upon to take a parol contract out of the statute of frauds must be such

as could have been done with no other design than to fulfill the particular agreement sought to be enforced." *Id.* at 439–40. When the unenforceable option to purchase is contained in a lease, the plaintiff may only avoid the operation of the statute of frauds with evidence he took possession of the property as a purchaser, not merely as a tenant, and that substantial improvements to the property were made in reliance on the option, not in connection with his possession as a tenant. *See Matney v. Odom*, 207 S.W.2d 420, 422–23 (Tex. Civ. App.—Texarkana 1947), *affirmed*, 210 S.W.2d 980 (1948).

There is no evidence in the summary judgment record that OTR ever took possession of the premises as anything other than a tenant of part of the property. There is no summary judgment evidence stating what improvements to the property were required to operate the business in the leased space, as opposed to those that might have been made solely in anticipation of owning the property. There is no evidence that any improvements OTR made were "unequivocally referable to" the right-of-first-refusal. OTR therefore failed to raise a fact issue as to each element of the partial performance exception.

## Exception to Statute of Frauds – Promissory Estoppel

In its reply brief OTR contends it also raised promissory estoppel as an exception to the statute of frauds "even if not specifically articulated as such by Appellant." OTR relies on the holding in *"Moore" Burger* that an oral promise to sign a lease that complied with the statute of frauds was enforceable where the promisor should have expected his promise would lead to definite and substantial injury, such injury occurred, and enforcement of the promise was necessary to avoid injustice. 492 S.W.2d at 934. However, in the subsequent case of *Nagle v. Nagle*, the Texas Supreme Court clarified that the promissory estoppel exception to the statute of frauds is "narrow" and applies only "to cases where the promise was 'to sign a written agreement which itself complies with the Statute of Frauds.'" *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex.

- 16 -

1982).  Neither OTR's response to the motion for summary judgment nor its appellate briefs point to any evidence of a promise by the Hasketts to sign a document that complied with the statute of frauds.  Thus, OTR failed to raise a fact issue on a material element of the exception to the statute of frauds.

## CONCLUSION

We affirm the trial court's judgment.


Luz Elena D. Chapa, Justice