# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00412-CR

**Randall Matthew Tobey, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 9304, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Randall Matthew Tobey appeals his conviction of two counts of indecency with a child.[1] *See* Tex. Pen. Code Ann. § 21.11 (West 2003). The jury assessed appellant's punishment for each count at imprisonment for ten years and a fine of $10,000, the punishment for each count to be served concurrently. Appellant asserts that the failure to disqualify or recuse the trial judge was reversible error and that inadmissible evidence was erroneously admitted. The judgment will be affirmed.

---

[1] Appellant was charged with three counts of indecency with a child and the jury found appellant guilty of all three counts. However, the judgment found in the record reflects, inexplicably, that appellant was convicted of counts one and two only.

In his first point of error, appellant complains that the judge hearing his motion to disqualify and recuse the trial judge erred in failing to find sufficient bias to recuse the trial judge who presided at appellant's trial. Appellant filed a motion to disqualify and recuse the trial judge.[2] On the hearing of appellant's motion to disqualify and recuse the trial judge there was evidence that the trial judge, the Honorable Guilford L. Jones, III, had previously presided in a civil matter captioned "In the Interest of Jacob and Alaina Sivell's Children." It was alleged that, in the Sivell children's case, Judge Jones heard the testimony of the same witnesses whose testimony relating to the same matters would be offered by the State in this case. In the Sivell children's case, Judge Jones found that the witnesses told the truth and found, or at least stated, that appellant was a pedophile. There was also evidence that after hearing the Sivell children's case, Judge Jones asked the district attorney to investigate the matters revealed in that hearing.[3] The district attorney's investigation resulted in the grand jury's indictment of appellant in this case. In the Sivell children's case, appellant was not a party, not a witness, not present, and not represented by counsel.

---

[2] The record shows that the Honorable Joe Hart heard the motion to disqualify or recuse Judge Jones. The record fails to show the appointment of Judge Hart to hear the motion. *See* Tex. R. Civ. P. 18a. However, there is no complaint about procedural matters relating to Judge Hart's hearing of the motion to disqualify or recuse.

[3] Any person having cause to believe that a child's physical or mental health or welfare has been adversely effected by any person shall immediately make a report to any local law enforcement agency. *See* Tex. Fam. Code Ann. §§ 261.101, .103 (West 2002).

2

The record fails to show that Judge Jones was disqualified on Texas constitutional or statutory grounds.[4]  The Texas constitution provides that:

> No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

Tex. Const. art. V, § 11.  "Interest" as used here means a direct *pecuniary* interest.  *See City of Oak Cliff v. State*, 79 S.W. 1068, 1069 (Tex. 1904); *Hoover v. Barker*, 570 S.W.2d 299, 304 (Tex. Civ. App.—Austin 1974, writ ref'd n.r.e.); *Wagner v. State*, 217 S.W.2d 463, 464 (Tex. Civ. App.—San Antonio 1948, writ ref'd n.r.e.).

The statute provides:

> No judge . . . shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code.

Tex. Code Crim. Proc. Ann. art. 30.01 (West 2003).

Appellant argues the evidence shows that Judge Jones, the trial judge, was so biased and prejudiced against him that his trial before the judge was so unfair as to deny him due process of law.  Recusal includes those instances in which a judge voluntarily steps down and those instances in which a judge is required to step down on the motion of a party for reasons other than those

---

[4] The terms "disqualification" and "recusal" are often, but incorrectly, used interchangeably. *See* William W. Kilgarlin & Jennifer Bruch, *Disqualification and Recusal of Judges*, 17 St. Mary's L.J. 599, 601, 652 (1986).

enumerated as disqualifying in the constitution. *See* William W. Kilgarlin & Jennifer Bruch, *Disqualification and Recusal of Judges*, 17 St. Mary's L.J. 599 (1986). When bias is alleged as a ground for recusal, a trial judge ruling on the motion must decide whether the movant has provided facts sufficient to establish that a reasonable person knowing all the circumstances involved would harbor doubts about the impartiality of the trial judge. *See Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992); *Degarmo v. State*, 922 S.W.2d 256, 267 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). The refusal of a defendant's motion for recusal is reviewable only for abuse of discretion. *See* Tex. R. Civ. P. 18a(f); *Wesbrook v. State*, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000). An appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement. *See Kemp*, 846 S.W.2d at 306; *Degarmo*, 922 S.W.2d at 267. Bias sufficient to warrant recusal must stem from an extrajudicial source. *See Quinn v. State*, 958 S.W.2d 395, 402-03 (Tex. Crim. App. 1997); *Kemp*, 846 S.W.2d at 305-06. Moreover, "there are many occasions on which judges are called to reconsider matters on which they have ruled before . . . . In no such case is a judge required to [recuse] himself because his earlier consideration of an issue has impaired his impartiality." *Kemp*, 846 S.W.2d at 306 (citing *Durrough v. State*, 620 S.W.2d 134, 143 (Tex. Crim. App. 1981)). The presumption of judicial impartiality cannot be overcome by the mere assertion of bias based on a trial judge's previous judicial relationship with a defendant. *Id.*

  At the recusal hearing before Judge Joe Hart, Judge Jones and one of the attorneys in the Sivell children's case testified. Portions of the record of the hearing in the Sivell children's case was also admitted in evidence. After hearing and considering the evidence, Judge Hart ruled:

4

THE COURT: All right. I'll make the following ruling. First of all, I take Judge Jones' statement that he found Mr. Tobey to be a pedophile to be based on the evidence before him at that civil trial. The evidence may be entirely different in this case. His statement that the testimony of certain witnesses was the absolute truth was a referral to testimony of witnesses as it occurred in another case, not in this case. I do not take Judge Jones' statements to be that he would find their testimony to be the absolute truth in this case, especially where they may be subject to cross-examination by counsel for the Defense. Nor . . . do I find that Judge Jones would in this criminal case find that the defendant is a pedophile no matter what evidence were produced in the criminal trial.

Further, Judge Jones will not be the fact finder in this case. The jury will be. The standard of proof is different and the issues are different. And the judge, Judge Jones, will not be deciding whether or not the Defendant, Mr. Tobey, is a pedophile.

Therefore, based on all of that, . . . I do not find that there is sufficient bias or prejudice or any bias or prejudice, for that matter, that would be the basis for a disqualification or a recusal under Texas Rule of Civil Procedure 18(B)(1) or (2). I do not find that any allegation of bias or prejudice rises to the level of a denial of due process even under Article 5, Section 11 of the Texas Constitution or under the United States Constitution.

Therefore, the motion to disqualify or recuse Judge Guilford Jones is denied.

We conclude that Judge Hart did not abuse his discretion in denying appellant's motion to disqualify and recuse the trial judge. Appellant's first point of error is overruled.

In points of error two, three, and four, appellant complains that State's Exhibits six through sixteen were erroneously admitted in evidence. Appellant summarizes his argument stating that these exhibits were "improperly admitted because Article 38.37 of the Code of Criminal Procedure did not apply, the exhibit[s were] not connected with any behavior described in the Indictment and [were] seized approximately eight (8) years after the indicted behavior and the probative value [was] greatly outweighed [by] the prejudicial nature of the material which was so great that no limiting instruction would cure the error."

5

The record is insufficient to allow us to review the matters about which appellant complains. Complaints made on appeal must comport with a trial objection or nothing is presented for appellate review. *See Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Wincott v. State*, 59 S.W.3d 691, 696-97 (Tex. App.—Austin 2001, pet. ref'd); *Hitt v. State*, 53 S.W.3d 697, 708 (Tex. App.—Austin 2001, pet. ref'd). A mere reference to record pages does not sufficiently identify the trial court's actions complained of in an appellate brief. *See Lape v. State*, 893 S.W.2d 949, 953 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd); *Elam v. State*, 841 S.W.2d 937, 940 (Tex. App.—Austin 1992, no pet.); *see also Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).

Appellant's brief merely states that the complained of evidence was admitted "over appellant's objections." Appellant does not designate a specific trial objection, and he does not make a specific reference to the record where objections comporting with his appellate complaint may be found. Appellant refers us to pages thirty-six through thirty-eight of Volume Eight of the court reporter's record. We have examined the designated portion of the record in which there are two objections. One objection is that the trial court commented on the weight of the evidence. The other is an objection to hearsay evidence. Neither of these objections are the basis for appellant's complaint on appeal. The matters about which appellant complains on appeal do not comport with his trial objections. Therefore, nothing is presented for appellate review. Points of error two, three, and four are overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, Yeakel and Dally*

Affirmed

Filed:  June 19, 2003

Do Not Publish

---

*   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

7